LEWIS and another, Appellants, vs. TOWN OF EAGLE and others, Respondents.

*February 22—March 10, 1908.*

*Taxation: Taxpayers' suit: Restraining assessment: Special town meeting: Notice: Proof: Proceedings: Immaterial irregularities: Reconsideration of vote: Partial special findings: Meeting of town board: Entering into contracts: Injunction: Damages: Reference: Nonprejudicial error.*

1. An injunction will not be granted, at the suit of taxpayers, to restrain town officers from levying a tax for general town purposes and issuing town orders in anticipation of the collection thereof on the ground that such tax is illegal, there being an adequate remedy at law.

2. Sec. 788 in connection with subd. 10, sec. 776, Stats. (1898), authorizes the consideration at a special town meeting of the question of building a town hall.

3. The fact of the posting of notices of a special town meeting may be shown by a true copy of such notice, filed in the office of the town clerk, having a memorandum thereon by him stating that it was a copy of which three were posted in public places on specified dates, and by his oral testimony that he posted such notices and that the places of posting were public.

4. Closing the polls at a town meeting for one hour at noon was at best a mere irregularity, and, when not affecting the result, is immaterial in a taxpayers' suit to restrain the levying of a tax voted at such meeting.

5. Sec. 795, Stats. (1898), providing that in town meetings a motion to reconsider shall be made within one hour after the original vote, does not require the meeting to be kept open one hour, or any particular length of time, to permit a motion for reconsideration to be made. If such a motion be made within one hour it is in time; otherwise not.

6. In a taxpayers' suit to restrain the levy of a tax for a town hall, in the absence of a showing that any elector in the town meeting desired to make a motion for reconsideration, failure to afford opportunity to make such a motion will not invalidate a vote duly passed authorizing the tax.

7. A request for a special town meeting was signed by persons designated as "qualified voters." Another paper, called a petition, was signed by persons described as freeholders. A sufficient request for the meeting was filed. *Held*, that the use of "freeholders" instead of "qualified voters," as required by sec. 788, Stats. (1898), in a finding as to signers of the call for such meeting, was an inadvertence not affecting the validity of the meeting.

8. Where the evidence shows that a vote at a town meeting was by ballot, this is sufficient to sustain a judgment of regularity of the proceeding, although the special findings do not clearly, or at all, cover the point, and though it is the duty of the trial court to make full findings covering all issues.

9. Where a contract purports to have been entered into on behalf of the town by its supervisors, the holding of a board meeting regularly called, with reasonable opportunity for all members to be present, is to be presumed in the absence of evidence to the contrary.

10. While an order of reference, under sec. 2778, Stats. (1898), to ascertain damages sustained by reason of an injunction should not be made until it is finally decided that the plaintiff was not entitled to the injunction, the assessing of such damages before final decision was a mere irregularity, which was waived by not objecting when the evidence was taken; and inclusion of the amount in the judgment was not prejudicial to plaintiff, no objection having been made at the time of the assessment and no question being raised as to the amount allowed being excessive.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Taxpayers' action against the town of *Eagle,* in Richland county, Wisconsin, its supervisors, and a person having a pretended contract with the town for the construction of a town hall therein, to restrain such supervisors from doing the acts suggested in the complaint to be impending.

The purport of the complaint, omitting formal matters,

was this: The supervisors of the town are about to cause $700 as a tax to be levied upon the taxable property of the town for the purpose of purchasing a site for a town hall and the construction thereon of such hall and to issue town orders in anticipation of the collection of the tax so levied, and are also about to levy a further sum upon the taxable property of said town of $1,000 for general town purposes and to issue town orders in anticipation of the collection thereof, and they will do all of such acts unless restrained therefrom by the court. The doing of any thereof would be in violation of law because the qualified electors of the town have not, at any general meeting or special meeting duly called for the purpose, voted to raise the $700 or any sum for the purposes of a town hall, or the $1,000 for general town purposes, or authorized the supervisors to acquire a site for a town hall.

What purports to be a contract between the board of supervisors and defendant *C. W. Miller,* dated July 27, 1907, for the building of the town hall contemplated as aforesaid, the same to cost $520, has been filed with the town clerk, and such contract will be carried out and town orders be issued to pay the contract price in case the court does not interfere to prevent it, all of which would be without authority because no tax has been voted by the qualified electors of the town at any annual meeting, or special meeting called for that purpose, and there is no money in the treasury for such purpose; neither have the qualified voters of the town at any such meeting voted a tax with which to purchase a site for a town hall nor is there any money in the treasury for such purpose. The board of supervisors of the town did not at any meeting authorize the contract to be executed, neither did the board, as such, execute it, nor is the town the owner or possessor of any land on which to locate a town hall. Plaintiffs will be irreparably damaged if the court does not interfere to prevent the things complained of. The taxpayers of the town have no remedy at law in the premises.

A temporary injunction preserving the *status quo* pending the litigation was entered August 10, 1907, which ten days thereafter was dissolved on motion of the defendants.

The town and its supervisors jointly answered the complaint, and the defendant *C. W. Miller,* the alleged contractor, answered separately. Such answers admitted that the town officers would, unless prevented by judicial interference, do all of the alleged threatened acts, and put in issue all of the allegations of the complaint indicating that such acts, or any of them, if done would be in violation of law.

Upon the trial, the court being satisfied that defendant *Miller* would be entitled to damages because of the temporary injunctional order and of plaintiffs not being entitled to the relief demanded in the complaint, proceeded without objection to take the evidence in respect to such damages.

Findings of fact were filed deciding all issues of fact in favor of the defendants and fixing the damages of the defendant *Miller* by reason of the injunction at $30. Conclusions of law followed to the effect, among other things, that judgment should be rendered dismissing the complaint with costs in favor of the defendant town and its supervisors, and a separate judgment should be rendered for $30 damages and for costs in favor of defendant *Miller.* Judgment was rendered accordingly, from which the plaintiff appealed.

*Michael Murphy,* for the appellants.

For the respondents there was a brief by *F. W. Burnham* and *P. L. Lincoln,* and oral argument by *Mr. Lincoln.*

MARSHALL, J.    There is a fundamental defect in appellants' case as to the general tax of $1,000. As to that a question is involved which ruled *Judd v. Fox Lake,* 28 Wis. 583; *Sage v. Fifield,* 68 Wis. 546, 32 N. W. 629; and *Harley v. Lindemann,* 129 Wis. 514, 109 N. W. 570.

It will be seen from the statement that the cause of com-

plaint as to the tax for general purposes was that the same was illegal but would nevertheless be extended upon the tax roll and town orders be issued in anticipation of the collection thereof, unless the court interfered and prevented it. That was precisely the situation in *Judd v. Fox Lake, supra,* and *Sage v. Fifield, supra.*

In the first case referred to the purport of the complaint was that the electors of the town without authority of law had determined to raise $500 for the improvement of a street in the village of Fox Lake and the town officers pursuant to such illegal determination would draw and sign orders on the town treasury for the payment of said sum and insert the same in the tax roll of the town for the purpose of paying such orders unless such officers were restrained by the court. The prayer for relief was to the effect that the improvement of the street, the assessment of the tax, and all things in respect thereto be declared void and perpetually enjoined. A temporary injunction was issued at the start, as in this case, which was subsequently dissolved. Upon the question of the right of plaintiff to relief coming before this court for review, the decision was in the negative upon grounds best stated by quoting from the opinion by DIXON, C. J., as follows:

"It is, supposing the resolution of the voters in town meeting to have been unauthorized, and the proposed tax illegal, at most a mere anticipated or threatened invasion of the legal rights of the plaintiffs, which as yet has ripened into nothing injurious or detrimental to them at all, and perchance may never do so, but which, if it ever should, would not in its nature be irreparable, but might be redressed by the ordinary processes known to courts of law and equity. Should the officers of the town attempt to carry the resolution into effect, and assess a tax wholly unauthorized and illegal, as the complaint charges, the plaintiffs will have their action at law to recover back the money if paid under protest or on levy or distress of personal property;

and if the same be extended against their real estate they will also have their suit in equity to remove the supposed lien and cloud from their title. The complaint presents, therefore, the naked question, whether under the circumstances the aid of equity can be successfully invoked to declare in advance that certain acts of public officers, proposed or threatened in the future to be done, will, if performed, be illegal and void. We are clearly of the opinion that it cannot."

The case was differentiated from those found in the books, the purpose of which was to judicially annul a void contract and to prevent the payment out of the public treasury of money, or the levy of taxes on account of such contract, or the issuance of negotiable paper which would be good in the hands of an innocent holder, and those for the removal of apparent liens or clouds resting on title, such as *Peck v. School Dist.* 21 Wis. 516; *Lawson v. Schnellen,* 33 Wis. 288; *Willard v. Comstock,* 58 Wis. 565, 17 N. W. 401; *Fowler v. Superior,* 85 Wis. 411, 54 N. W. 800; *Kyes v. St. Croix Co.* 108 Wis. 136, 83 N. W. 637.

The authorities, as to the tax for general purposes, show that, even had the court found in favor of appellants upon all points relied upon by them, a judgment in their favor would be improper.

The other branch of the case must be separately treated, as before indicated, because of the alleged illegal contract.

The evidence was to the effect that a special meeting was called to vote on the question of building a town hall and levying a tax of $700 for that purpose, resulting favorably, but various questions decided on the trial adversely to appellants are now presented in respect to whether such meeting was properly called and the proceedings had pursuant to such call were jurisdictionally defective.

The first point is that the matter of building a town hall cannot properly be considered at a special town meeting. Sec. 788, Stats. (1898), makes unmistakable provision therefor by reference to sec. 776, Stats. (1898), at subd. 10.

The next point is that the evidence of posting notices of. the meeting was insufficient. The court found that the notices were properly posted and that the town clerk who did the work caused a true copy of the notice to be filed in his office. That was based on the filed copy having a memorandum thereon, signed by the town clerk, stating that it was a copy of a notice of a special town meeting of which three were posted in three of the most public places in the town on the 28th day of June, 1907. He testified that he posted the notices and that the places of posting were public places. The law does not prescribe the method by which the posting of such notices shall be evidenced. The jurisdictional circumstance is the fact of posting. That was abundantly established by the evidence referred to and the holding of the meeting pursuant to the notice. In *Lemington v. Blodgett,* 37 Vt. 210, we find it held that the mere record of the notice with the fact of a meeting having been held and the business mentioned in such notice having been done, is *prima facie* evidence of the posting. We do not need to go that far in this case, and only hold that it was competent to show the fact of posting and in the proper places by the filed copy, the indorsement thereon, and the oral evidence of the clerk.

Complaint is made because the polls were closed one hour at noon. That at best was a mere irregularity not affecting the result, so far as appears, and so not in any event material in this equitable action.

It is suggested that opportunity was not given to move to reconsider the resolution as to locating the town hall and procuring a site. The evidence seems to cover that point. Moreover, there is nothing in the statutes which requires a town meeting to be kept open one hour, or any particular length of time, to permit of a motion for reconsideration to be made. In case of such a motion being made within one hour after a vote shall have been passed it is in time, otherwise not. That is the effect of sec. 795, Stats. (1898). Further,

there is nothing in the case to indicate that any elector de-
sired to make such a motion. In a court of equity, that can-
not be assumed as probable and that a change of the result
may probably have been prevented, for the purpose of de-
feating a vote duly passed.

Attention is called to the fact that the finding as to the
signers of the call for the special meeting mentions them
as "freeholders" instead of "qualified voters," as required
by sec. 788, Stats. (1898). The use of the word "free-
holders" instead of "qualified voters" was evidently an in-
advertence. The request for the special meeting was signed
by persons specified in the writing as "qualified voters,"
though there was another paper, called a petition, signed by
a large number of persons described as freeholders. As we
read the record, it was admitted on the trial, as the fact ap-
peared by the evidence as well, that a sufficient request for
the special meeting was filed.

It is said that there is no finding that the proposition to
levy the tax for a town hall was voted on by ballot. It seems
that a fair construction of the finding with reference to the
evidence negatives that claim. In any event the evidence
conclusively shows that the vote was by ballot, and that is
sufficient in support of the judgment, even if the findings
do not clearly, or at all, cover the point (*Disch v. Timm,* 101
Wis. 179, 77 N. W. 196), though it is the duty of the trial
court to make full findings covering all issues (*Farmer v. St.
Croix P. Co.* 117 Wis. 76, 93 N. W. 830).

The last point made which is of sufficient dignity to war-
rant any special treatment is that the contract for the town
hall was not entered into by the town board. As to that it is
said there is no evidence that there was a meeting of the
board, all supervisors being notified and the clerk being
present to keep a record of the proceedings; and that such
circumstances were all essential. It is not necessary to the
exercise by a town board of the mere ministerial power to

make a contract pursuant to a determination by the electors that there be a formal meeting of the board as a deliberative body as in case of the exercise of the local legislative power delegated to it. Neither reason nor authority, statute or judicial, supports the counsel's position. *Lisbon Ave. L. Co. v. Lake,* 134 Wis. 470, 113 N. W. 1099, where the court spoke of the requirements as to a meeting of a town board in the exercise of its legislative power, does not apply here.

Nevertheless in making a contract as in this case there must be a meeting of the town board regularly called with reasonable opportunity for all members to be present, but where the contract purports, as here, to have been entered into on behalf of the town by its board of supervisors, the holding of the meeting with such opportunity is to be presumed in the absence of evidence to the contrary. *Boyce v. Auditor General,* 90 Mich. 314, 51 N. W. 457.

There are many other points suggested for consideration, but they are of such a character that it does not seem we are warranted in incumbering the reports with a detailed consideration thereof. They have been separately examined and are considered to be without merit, especially in a court of equity, under the circumstances of this case.

Some complaint is made because the court in advance of rendering a decision upon the merits of the case in respondents' favor determined the amount of damages to respondent *Miller* by reason of the temporary injunction, and included the same in the judgment, instead of assessing the damages as a separate matter and entering an order for the payment thereof, or as is the better practice—probably the only correct one—leaving the party to his action to recover the same in the regular way.

Under sec. 2778, Stats. (1898), governing the subject, while doubtless the court may assess the damages, where damages are recoverable, either by assistance of a referee or without such assistance, the statute contemplates that such

assessment shall be in a proceeding after a decision upon the merits of the case, and that the recovery shall be had independently of the judgment in the action. It is clearly indicated in the decisions of this court that the assessment should be subsequent to a decision upon the merits that plaintiff is not entitled to the relief prayed for in the complaint. *Avery v. Ryan,* 74 Wis. 591, 43 N. W. 317; *Independent Order of Foresters v. United Order of Foresters,* 94 Wis. 234, 241, 68 N. W. 1011. However, the mere irregularity in the time of the assessment was waived by not objecting when the evidence was taken. The inclusion of the amount in the judgment was without prejudice to appellants and, therefore, furnishes no ground for a reversal. There having been no objection made at the time of the assessment and being no question raised as to the amount allowed being excessive, it would be useless to reverse for the irregularity, merely for the purpose of reaching the same result in a different way. The matter falls under the provisions of the statute that the court in every stage of an action shall disregard any error or defect in the pleadings or proceedings which shall not affect the rights of the adverse party; and that no judgment shall be reversed or affected by reason of any such error or defect. Sec. 2829, Stats. (1898). That principle was applied to irregular but nonprejudicial proceedings in a matter of this kind in *Avery v. Ryan,* 74 Wis. 591, 601, 43 N. W. 317. The proper practice to be followed in assessing the damages is laid down in *Wis. M. & F. Ins. Co. Bank v. Durner,* 114 Wis. 369, 90 N. W. 435, though the case must not be regarded as holding that, all conditions precedent to the assessment being satisfied, the court cannot without a reference proceed, as is clearly indicated it may, by the language of sec. 2778, Stats. (1898).

*By the Court.*—The judgment is affirmed.