DAVID W. ADAMANY, Secretary, Department of Revenue
In your capacity as chairman of the Study Committee on Manufacturing Equipment and Personal Property Tax Exemptions, you have requested my opinion on the following question:
 Would it not be possible, if applied uniformly among all taxing districts, for local governmental units to include the value of tax exempt machinery and equipment and tax exempt merchants' stock in trade, manufacturers' materials and finished products and livestock in their property valuation totals for "non-tax" purposes, such as for municipal debt ceilings, tax levy limitations, shared tax distributions and school aid payments?
The answer is, "no, it would not be possible."
As you have pointed out, secs. 70.11 (27) and 70.04 (3), Stats., created by ch. 90, Laws of 1973, provide for the exemption from property taxation of manufacturing machinery and specific processing equipment, merchants' stock-in-trade, manufacturers' materials and finished products and livestock.
The answer to your question is resolved by an examination of the statutory language relating to such "non-tax" purposes as municipal debt ceilings, tax levy limitations, shared tax distributions and school aid payments. Without attempting to examine all such statutes, the examination of the following statutes is sufficient for purposes of responding to your inquiry. *Page 466 
Section 67.03 (1), Stats., refers to municipal debt ceilings, and provides that the aggregate amount of municipal indebtedness shall not exceed 5 percent of the taxable property located therein.
Section 62.12 (4), Stats., refers to tax limitations on cities, and provides that the tax levied for any one year shall not exceed 3 1/2 percent of the assessed value of the real and personal property in the city.
Section 70.62 (2), Stats., refers to tax limitations on counties, and provides that the tax levied against the taxable property of any county in any one year shall not exceed in the whole 1 percent of the total valuation of said county.
As used in the context of these statutes, the term "assessed value" and "total value" are synonymous with the term "value of taxable property" to the extent that they all refer to the value of only that portion of property which is subject to taxation.
Article XI, sec. 3, of the Wisconsin Constitution provides, in part:
 ". . . No county, city, town, village, school district or other municipal corporation may become indebted in an amount that exceeds an allowable percentage of the taxable property therein equalized for state purposes as provided by the legislature. . . ."
Thus, the frame of reference for all of these statutes relating to municipal debt limitations is the constitutional provision referring to "an allowable percentage of the taxable property" located within the various municipalities.
Other sections of the statutes examined include: sec. 60.18 (1), Stats., which refers to tax limitations on towns, and provides for a limitation of 1 percent of the assessed valuation of such town; sec. 61.46 (1), Stats., which refers to the limitation on village taxes, and provides for a levy on taxable property not to exceed 2 percent of the assessed valuation of such property; sec. 79.03, Stats., which refers to a shared tax formula based in part upon the municipality's full value of all taxable property; and sec. 121.07 (4), Stats., which defines school district equalized valuation to be the full value of the taxable property in the district.
The statutory language relating to these various debt ceilings and distribution formulas is controlling. The suggestion that uniformity *Page 467 
of application results in the validity of a method is without merit when that method is inconsistent with what the legislature has provided by statute.
RWW:APH