RICHARD STADELMAN, District Attorney Shawano and MenomineeCounties
You have submitted a number of questions arising from the filing of a petition signed by 66 taxpayers in the Town of Bartelme, Shawano County, with the county clerk requesting the division of the town pursuant to sec. 60.05, Stats. The proposed division would divide the Town of Bartelme into one new township which would include the taxable lands of the present town and another new township which would include the nontaxable Stockbridge-Munsee Reservation land also located in the present town.
Chapter 60 of the Wisconsin Statutes Sets forth procedures for the organization of new towns as well as procedures for the division and dissolution of existing towns.
Section 60.05(1), Stats., provides:
 "When fifty or more freeholders, residents of any town, and at least one-third of the electors thereof, shall petition the county board to divide, or to dissolve such town, and shall, at least twenty days before the next annual meeting, file a copy of such petition with the town clerk, he shall, at least ten days before such town meeting, give notice that the question of division, or of dissolution, as the case may be, of such town will be voted upon by ballot at such meeting . . . ."
Section 60.05(3)(a) provides:
 "No town shall be divided so as to constitute or leave any town of less than 36 sections in area unless each such town after division has 75 electors and real estate valued at the last preceding assessment at $200,000 or more."
The specific questions you ask can be answered primarily by reference to these statutory provisions and the Wisconsin Constitution. Following is a brief discussion of each specific question you ask:
 "1. Are Indians residing on non-taxable land considered electors of a town?"
 The answer is "yes." *Page 258 
Wisconsin Constitution art. III, sec. 1, defines electors:
 ". . . Every person, of the age of twenty-one years or upwards, belonging to either of the following classes, who shall have resided in the state for one year next preceding any election, and in the election district where he offers to vote such time as may be prescribed by the legislature, not exceeding thirty days, shall be deemed a qualified elector at such election:
"(1) Citizens of the United States.
 "(2) Persons of Indian blood, who have once been declared by law of congress to be citizens of the United States, any subsequent law of congress to the contrary notwithstanding."
The twenty-sixth amendment to the United States Constitution defines elector as anyone over eighteen years of age. Section6.02(1), Stats., conforms with the twenty-sixth amendment.
By the Act of June 2, 1924 (43 Stat. 253), all Indians born within the territorial limits of the United States who had not theretofore acquired citizenship were declared to be citizens. That Act provides in part:
 "That all non-citizen Indians born within the territorial limits of the United States be, and they are hereby, declared to be citizens of the United States: provided, that the granting of such citizenship shall not in any manner impair or otherwise affect the rights of any Indian to tribal or other property." See 8 U.S.C. sec. 1401.
Clearly, members of the Stockbridge-Munsee Tribe who reside on nontaxable land within the Town of Bartelme are electors of the town. See also 24 Op. Att'y Gen. 207 (1935); 16 Op. Att'y Gen. 272 (1927).
 "2. May a special town meeting under Section 60.12
of Wisconsin Statutes and election be used rather than an annual meeting for the town vote on the question of division'?"
The answer is "yes."
Section 60.05, Stats., provides that petitioner shall:
 ". . . at least twenty days before the next annual meeting, file a copy of such petition with the town clerk, he shall, at least ten *Page 259 
days before such town meeting, give notice that the question of division, or of dissolution, as the case may be, of such town will be voted upon by ballot at such meeting . . . ." (Emphasis added.)
At first glance, it might appear that the requirement set forth in sec. 60.05, Stats., that the division question be voted upon by ballot at the "next annual meeting," conflicts with sec.60.12, Stats. Section 60.12 provides inter alia that "Special town meetings may be held for the purpose of transacting any lawful business which might be done at the annual meeting."
The principle of statutory interpretation that governs here is that statutes relating to the same subject matter "should be read together and harmonized, if possible." Czaicki v. Czaicki,73 Wis.2d 9, 17, 242 N.W.2d 214 (1976); City of Milwaukee v.Milwaukee County, 27 Wis.2d 53, 56, 133 N.W.2d 393 (1965). This was done in Lewis v. Eagle, 135 Wis. 141, 115 N.W. 361 (1908), where the court found no irreconcilable conflict between sec. 788, Stats. (1898), the "special town meetings" statute and the specific "annual town meeting" provisions of sec. 776, Stats. (1898). The issue was whether the matter of building a town hall could be considered at a special town meeting when this was specifically enumerated in sec. 776(10), as a power to be exercised at any annual town meeting. The court interpreted sec. 788 as being in conformity with the specific provisions of sec. 776, thus permitting the matter of building a town hall to be considered at a special town meeting. Lewis is still valid law in Wisconsin.
Section 60.05(1), Stats., mentions the annual town meeting as an appropriate time for the election, but it does not specifically exclude the use of a special town meeting for this purpose. Section 60.12 provides that "any lawful business which might be done at the annual meeting" may also be done at a special town meeting. Since there is no irreconcilable conflict between these statutes, it is my opinion that the election may be held at a special town meeting.
 "3. May the last preceding assessment referred to in Sub. (3) of 60.05 be an assessment made when the property was last taxable?"
The answer is "no." It means the last preceding assessment of lands which are currently taxable. *Page 260 
You state that under the proposed division of the Town of Bartelme a new town consisting of all currently taxable land would be created and a second town consisting of Stockbridge-Munsee Reservation lands which are not currently taxable would also be created. Each new town would be less than 36 sections in area, and therefore, sec. 60.05(3)(a), Stats., would prohibit the division of the town unless each such town after division has 75 electors and real estate valued at the last preceding assessment at $200,000 or more.
Section 60.05(3) (a) prohibits the creation of a new town unless it contains "real estate valued at the last preceding assessment at $200,000 or more." The apparent purpose of this requirement is to ensure that each new town after division has a sufficient revenue source to support its government and provide services for its residents. I believe this requirement refers to the assessment by the town and not by the state because similar references, for example, in sec. 60.06, Stats., make clear that it is "assessed valuation" that is required. Although ch. 60 of the statutes does not specifically define "assessed valuation," the frame of reference for all statutes using the term "assessed value" or "total value" or "value of taxable property" (which terms are synonymous, sec 63 Op. Att'y Gen. 465 (1974)) is property subject to taxation. A definition of "assessed value" is contained in ch. 66, Stats. Section 66.021 (1)(b) defines "assessed value," to mean "The value for general tax purposes as shown on the tax roll." Based on such definition, property exempt from taxation under the statute or property otherwise not taxable cannot be considered in determining whether the terms of sec.60.05(3)(a) have been met. See State ex rel. Marinette, T. W.R.Co. v. Tomahawk Common Council, 96 Wis. 73, 91-93, 71 N.W. 86
(1897); School District v. First Wisconsin Co., 187 Wis. 150,152, 203 N.W.2d 939 (1925); and 62 Op. Att'y Gen. 49 (1973).
The present Stockbridge-Munsee Reservation lands were purchased by the federal government for the use and benefit of the Stockbridge-Munsee Tribe. Such purchases were authorized and made pursuant to the Indian Reorganization act (48 Stat. 984,25 U.S.C. sec. 461, et seq.) and other federal enabling legislation. That legislation specifically exempts Stockbridge-Munsee land from taxation by the state. Since the Stockbridge-Munsee Reservation lands are not taxable and since assessed valuation is limited to taxable property, it follows that a new town established under sec. *Page 261 60.05, Stats., would not have at least $200,000 in taxable real estate as a revenue base.
 "4. Or in the alternative to question number 3, may the County Board consider what would be a fair assessment if the land were not a reservation and thus taxable?"
Based on the analysis set forth in response to question number 3, such procedure is not permissible. The clear intent of the Legislature is to ensure that each new town after division has a sufficient revenue source to support its government and provide services for its residents.
 "5. May a division under Section 60.05 of Wisconsin Statutes create taxable islands within the reservation nontaxable portion?"
This question becomes academic in view of the answer to questions 3 and 4. Consequently, it is unnecessary at this time to comment on this question.
I trust that this information will be helpful to you in your consultation with the Shawano County Board regarding the taxpayers' petition.
BCL:JN