John KEMP, et al., Appellants,

v.

**ALLIS–CHALMERS CORPORATION, Respondent,**

**A.G. McKee & Company, defendant and third party plaintiff, Respondent,**

v.

**EVELETH EXPANSION CO., et al., ABI Contracting, Inc., third party defendants, Respondents.**

No. C4–86–323.

Court of Appeals of Minnesota.

July 22, 1986.

J. Carver Richards, III, Virginia, for John Kemp, et al.

H. Jeffrey Peterson, Virginia, for Allis-Chalmers Corp.

Gene W. Halverson, Duluth, for A.G. McKee & Co.

Heard, considered and decided by POPOVICH, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant John Kemp was severely burned in September 1982 due to an explosion in a high voltage switchgear compartment at the Eveleth Mines Fairlane plant. Kemp and his wife brought suit against three defendants in April 1985. The trial court, determining that a two-year statute of limitations had run, granted defendants' motion for summary judgment. The Kemps appeal, claiming a four-year statute of limitations should have applied. We affirm.

## FACTS

On September 12, 1982, appellant John Kemp, an electrician, was working on the starter of a 4160 volt waste gas fan located in a pellet plant of Eveleth Mines. The starter compartment exploded while Kemp was working, causing severe burns to his hands and arms.

A federal agency investigation determined that the explosion occurred when electrical cables overheated and burned through insulation on three of the cables (the insulation on two of the cables was burned completely through) at a point where the cables were clamped and taped to the back of the starter compartment, inside the compartment. The cables conducted electricity from one of the main transmission lines located elsewhere in the pellet plant.

The federal investigator blamed the failure on electrical cables of insufficient capacity, which led to overheating and deterioration of cable insulation each time the fan motor was started. Clamping and taping of the cables onto the compartment prevented efficient dissipation of heat at that point. The cables became brittle over a period of time in the area of the clamps. The severity of the explosion was evidently enlarged by the failure of some of the relays that protected the electrical system at the plant from power overcharges; relays at the main power substation failed because they were in defective condition, and other relays failed because they were set too high.

The Kemps brought suit in April 1985 against Allis-Chalmers Corp. and A.G. McKee & Co., claiming they defectively designed, manufactured, sold, and installed the switchgear compartment. Allis-Chalmers filed a cross-claim against A.G. McKee & Co., and A.G. McKee & Co. brought suit against ABI Contracting, Inc.

The defendants made a motion for summary judgment, claiming that the Kemps' claims were barred by the statute of limitations. The defendants argued that the claim arose out of a defective improvement to real property, a claim covered by a two-year statute of limitations. The Kemps argued that a four-year products liability statute of limitations applied.

The trial court determined that the claim arose from a defective improvement to real property. The court thus granted the motion for summary judgment because the statute of limitations had run.

The Kemps appeal from the granting of summary judgment.

## ISSUE

Did the trial court abuse its discretion by granting respondents' motion for summary judgment?

## ANALYSIS

■ Any action arising out of a defective and unsafe condition of an improvement to

real property must be brought within two years of the discovery of the defective and unsafe condition. Minn.Stat. § 541.051 (1984). An "improvement to real property" is

"a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs."

*Kloster-Madsen, Inc. v. Tafi's Inc.,* 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975) (quoting Webster's Third New International Dictionary 1138 (1971)). The two-year statute of limitations must be strictly construed. *Kittson County v. Wells, Denbrook & Associates, Inc.,* 308 Minn. 237, 240–41, 241 N.W.2d 799, 801 (1976).

■ An electrical transformer is an improvement to real property for purposes of the statute. *Lovgren v. Peoples Electric Co., Inc.,* 380 N.W.2d 791, 794–95 n. 5 (Minn.1986). Appellants concede that the switchgear compartment in this case is an improvement to real property. They argue, however, that it was a connecting cable, not the switchgear compartment, that was defective and caused Kemp's injuries.

■ A determination of whether a defective product is considered to be an improvement to real property requires a "common sense" analysis. A reviewing court must give effect to the plain meaning of the statute of limitation's language, utilizing no "technical legal construction." *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.,* 260 N.W.2d 548, 554 (Minn.1977). Appellants argue that a "common sense" analysis in this case requires a finding that the connecting cable is not an improvement to real property and that the four-year products liability statute of limitations should therefore apply. Furthermore, they argue, it goes beyond the intention of the legislature in enacting the statute of limitations to determine that the statute also applies to anything connected to the improvement.

The trial court granted respondents' motion for summary judgment, determining

the cause of action was barred by the statute of limitations. *See* Minn.Stat. § 541.051. The trial court may grant summary judgment

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. A trial court's duty when determining whether summary judgment should be granted has been stated by the Minnesota Supreme Court as follows:

A motion for summary judgment may be granted pursuant to Rule 56.03 only if, after taking the view of the evidence most favorable to the nonmoving party, the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that he is entitled to judgment as a matter of law. It is essential to bear in mind that the moving party has the burden of proof and that the nonmoving party has the benefit of that view of the evidence which is most favorable to him.

*Sauter v. Sauter,* 244 Minn. 482, 484–85, 70 N.W.2d 351, 353 (1955) (emphasis in original) (footnotes omitted).

A "genuine issue of material fact" remains only if reasonable persons could differ about the fact. *See Illinois Farmers Insurance Co. v. Tapemark Co.,* 273 N.W.2d 630, 633 (Minn.1978). The trial court found that reasonable persons could not differ about the characterization of the conductor. While we are mindful of the need to construe strictly the two-year limitation statute, we conclude that the trial court's finding is supported by the evidence, and we must affirm the trial court's summary judgment.

■ The large electrical cable involved here was permanently installed as part of the electrical transmission system used in the pellet plant. The relay systems, which may have contributed to the explosion, were also permanently installed improvements: they, like the large cables, were

part and parcel of the pellet plant's electrical transmission system. Common sense permits only one conclusion here: the items involved constitute an improvement to real property and the trial court properly determined the two-year statute of limitations was applicable.

A common sense analysis precludes a conclusion that an item is personal property because it does not constitute a fixture according to the historical concepts of law on fixtures to real estate. *See Pacific Indemnity,* 260 N.W.2d at 554. Certainly, the inadequate cable and defective relays in this case were fixtures of the Fairlane plant. While nonfixtures may still be improvements to real property under *Pacific Indemnity,* it seriously defies common sense to propose that a major affixed electrical system component does not constitute such an improvement. *See Lovgren,* 380 N.W.2d at 794–95 n. 5.

Appellants also argue that in determining whether a defective item is an improvement to real property, the court must distinguish parts of a system from the system as a whole. Appellants rely upon a federal district court case from Pennsylvania for this proposition. *See Patraka v. Armco Steel Co.,* 495 F.Supp. 1013 (M.D.Pa.1980) (court distinguished between the subbase of a highway and the completed highway itself). *Patraka* is not persuasive authority for the notion that a defective unit should be divided into its component parts. This case dealt with recognition of the time a component part was built only for purposes of a long-term statute of limitations running from the time of installation. The distinction between portions of the whole and the whole itself has never been used in Minnesota for the purpose of determining whether the unit is an improvement to real property. Moreover, in this case both the switchgear compartment and its component parts must be considered real property improvements.

Appellants argue they were inequitably affected by the two-year statute of limitations applied in this case because of the technical difficulties in determining which limitations period applied. Appellants assert that they did not bring their suit earlier because of a good-faith belief that there was a four-year statute of limitations period. These arguments regarding the inequities inherent in the statutes of limitations are highly significant, but the only appropriate forum for the contentions is the Minnesota Legislature.

## DECISION

The trial court properly determined that a two-year and not a four-year statute of limitations applied to this case. Because appellants did not bring their action within the limitations period, the trial court did not err in granting respondents' motion for summary judgment.

Affirmed.