**Terry MOEN, Plaintiff,**

v.

**REXNORD, INC.; and Nordberg Machinery, Defendants.**

Civ. No. 6–85–1789.

United States District Court,
D. Minnesota,
Sixth Division.

May 18, 1987.

Ronald R. Frauenshuh, Paynesville, Minn., for plaintiff.

Lawrence T. Hofmann, Minneapolis, Minn., for defendants.

## ORDER

DEVITT, District Judge.

Plaintiff is suing the manufacturer of a rock-crushing machine for injuries sustained when he fell from the machine in March 1983. Defendant's motion for summary judgment was heard on May 18, 1987. At issue is whether plaintiff's suit is barred by Minnesota Statutes § 541.051, which imposes a two-year statute of limitations upon any injury caused by a defective "improvement to real property."

Plaintiff makes a preliminary argument that the court should not consider defendant's motion because it was filed after the end of the discovery period, thus unfairly prejudicing plaintiff. In June 1986, plaintiff agreed to the pretrial schedule which clearly permitted bringing dispositive motions after the end of the discovery period. Further, plaintiff has been aware of defendant's statute of limitations defense since defendant filed its answer in November 1985 but has failed to conduct the discovery of which he now claims he is deprived. Finally, as discussed below, the discovery plaintiff seeks (which relates to the tax treatment of the rock crusher) is not relevant to this motion. Therefore, plaintiff was not unfairly prejudiced by the timing of defendant's motion.

Addressing the merits of defendant's motion, the court finds that plaintiff's action is barred by the statute of limitations. The Minnesota courts have adopted a common sense definition of "improvement to real property," specifically rejecting technical legal constructions such as those found in the law of fixtures: "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Pacific Indem. Co. v. Thompson-Yaeger, Inc.,* 260 N.W.2d 548, 554 (Minn.1977).

In the past few years, the Minnesota Court of Appeals has found that the following are improvements to real property: a permanently installed transformer vault wired to a furnace and substation in a steel mill, *Lovgren v. Peoples Elec. Co.,* 368 N.W.2d 16, 18 (Minn.Ct.App.1985); a large electrical cable permanently installed as part of electrical transmission system in a pellet plant, refusing to distinguish between parts of a system and the system as a whole, *Kemp v. Allis-Chalmers Corp.,* 390 N.W.2d 848, 850–51 (Minn.Ct.App. 1986); fluorescent light ballasts which, as ignitors of the gases within the fluorescent tube, were an integral part of the light fixture and, together with the light fixture, were a " 'substantial affixed part' of the electrical system," *Citizens Security Mut. Ins. Co. v. General Elec. Co.,* 394 N.W.2d 167, 169–70 (Minn.Ct.App.1986); a bird feeder support post attached to an unfinished deck by three nails, *Nitz v. David Nitz, Inc.,* 403 N.W.2d 652, 654 (Minn.Ct. App.1987).

The rock crusher fits the definition of "improvement to real property" as applied by the Minnesota courts. It is affixed to a concrete foundation, and several stairways, platforms and chutes are similarly affixed to the foundation around it. Although the machine can be removed (indeed, this very machine was originally installed in New Guinea), this fact does not distinguish the rock crusher from the transformer vault, the electrical cable, the fluorescent light ballasts, and the bird feeder post. The machine was installed through the expenditure of labor and money, was designed to make the rock-crushing company's property more useful, and enhanced the property's capital value. In every sense, then, the rock crusher fits the definition of "improvement to real property" adopted by the Minnesota courts.

Plaintiff raises two objections to such a finding. First, plaintiff emphasizes that the alleged defect is confined to a replaceable component of the machine and that that component can not be viewed as a permanent improvement to real property. This distinction between the whole improvement and its components was rejected by the court of appeals in *Kemp*, 390 N.W.2d at 851. Plaintiff further argues that summary judgment is precluded because there is a factual dispute regarding the tax treatment of the machine by its owner and by county property tax authorities. This factual dispute is immaterial, however, because the tax treatment of an improvement has never been considered a factor in determining whether a given improvement is an "improvement to real property." The Minnesota Supreme Court adopted a commonsense definition with the attitude that technical legal constructions were less preferable. The tax treatment is just such a technical legal construction.

The statute began running when the plaintiff discovered his damages, i.e. in March 1983. *Capitol Supply Co. v. City of St. Paul*, 316 N.W.2d 554, 555 (Minn. 1982); *Wittmer v. Ruegemer*, 402 N.W.2d 187, 189 (Minn.Ct.App.1987). Plaintiff argues that the statute should not have begun to run until plaintiff learned from an attorney that he had a potential cause of action for a defective improvement to real property. This argument is contrary to the general rule that "ignorance of a cause of action not involving continuing negligence or trespass, or fraud on the part of the defendant, does not toll the accrual of a cause of action." *Dalton v. Dow Chemical Co.*, 280 Minn. 147, 153, 158 N.W.2d 580, 584 (1968). Since plaintiff's cause of action does not involve fraud or continuing negligence or trespass, the statute of limitations began to run in March 1983. This lawsuit, filed in October 1985, is barred by Minnesota Statutes § 541.051.

Based upon the foregoing, oral argument, submitted memoranda, and all files, records and proceedings herein,

IT IS ORDERED that:

Defendant's motion for summary judgment is granted.