Craig L. MASSIE, et al., Respondents,

v.

CITY OF DULUTH, Respondent,

Fugelso, Porter, Simich and Whiteman, Inc., et al., Appellants.

No. C9-87-2336.

Court of Appeals of Minnesota.

July 12, 1988.

Review Denied Sept. 16, 1988.

mich and Whiteman, Inc., Bartley Sales Company, Inc., and Recreational Equipment Corp., the trial court certified as important and doubtful the question of whether a water slide was a permanent improvement to real property within the meaning of Minn. Stat. § 541.051 (1982). The trial court determined the water slide was not an improvement to real property. We affirm.

Martha M. Neese, Thomas J. Lyons & Associates, St. Paul, for Craig L. Massie, et al.

William P. Dinan, City Atty., Bryan F. Brown, Deputy City Atty., Duluth, for City of Duluth.

Steven W. Schneider, Anthony S. Downs, Halverson Watters Bye Downs & Maki, Ltd., Duluth, Rodney A. Honkanen, Wagner, Johnston & Falconer, Ltd., Minneapolis, Michael W. Haag, Donovan, McCarthy, Crassweller & Magie, Duluth, for appellants.

Heard, considered and decided by SCHUMACHER, P.J., and FOLEY and FORSBERG, JJ.

## OPINION

FOLEY, Judge.

After denying the motion for summary judgment of appellants Fugelso, Porter, Si-

### FACTS

On August 8, 1983 respondent Craig L. Massie was severely injured when he slid face first down a water slide into a shallow lake at the Twin Ponds Recreation Area in Duluth. Massie is now a quadriplegic. The entire Twin Ponds area, including the water slide, was owned and operated by respondent City of Duluth. Massie commenced his negligence and strict liability action against the city on August 1, 1984. Respondent Pamela Massie also initiated a claim alleging loss of consortium and companionship.

Through discovery the Massies learned three other parties were involved in either the designing, the manufacturing or the selling of component parts of the recreation area to the city. Appellant Fugelso, Porter, Simich and Whiteman, Inc. (FPSW) prepared the architectural design plans for the layout of the recreational area. The design called for a 30–foot water slide to follow the contour of the land so that no ladder was needed. The slide was to be anchored to concrete pads with bolts so it could be removed for storage in the fall. The slide ultimately provided was manufactured by appellant Recreational Equipment Corp. and was sold to the city through a distributor, appellant Bartley Sales Co.

The slide was installed at the facility in 1974 and was used during the summers of 1975–83. At the end of each summer, the city would unbolt the slide from its base and apparently store it until the next season. It appears the city did not use the slide in this pond in 1984 or thereafter. It is not clear whether the slide has been

permanently stored or if the city has used it elsewhere since Massie's accident.

More than two years after the accident, the Massies amended their complaint and named FPSW, Recreational Equipment and Bartley Sales as additional defendants in the action. Massies alleged negligence, strict products liability and breach of warranty.

FPSW, Recreational Equipment and Barclay Sales moved for summary judgment, arguing the Massies' claims were barred by the two-year limitation found in Minn. Stat. § 541.051. The trial court determined the water slide was not an improvement to real estate and therefore, Minn. Stat. § 541.051 did not apply. However, the trial court concluded:

> [T]here may well be an issue as to whether or not the slide upon which the plaintiff Craig Massie was injured is an improvement to realty within the meaning of MSA 541.051.
>
> That issue, in the Court's opinion, is not free from doubt and it may well be that the slide does not qualify for such a description or for such a legal status.

Upon reconsideration, the trial court again denied the motion for summary judgment. The trial court stated:

> As is shown in the previous order of this Court, denying similar motions, this Court is of the opinion that the recreational equipment in question is not an improvement to real estate, as contemplated by the statute. The rulings of this Court so indicate.
>
> However, it does seem to the undersigned that there is some possibility that the appellate courts of this State disagree with the trial court on that point. If so, it would be extraordinarily expensive and time consuming first to try this case and then to discover that much of it was time-barred.

After considering proposed questions from the parties, the trial court certified a question as important and doubtful pursuant to Minn. R. Civ. App. P. 103.03(h).

## ISSUE

Is a water slide, used at a swimming pond during the summer and removed every winter for storage, a permanent improvement to real property within the meaning of Minn. Stat. § 541.051 (1982)?

## ANALYSIS

■ An appeal may be taken from an order which denies a motion for summary judgment if the trial court certifies that the question is important and doubtful. Minn. R. Civ. App. P. 103.03(h). The Minnesota Supreme Court has recently articulated a standard for determining whether a question is important and doubtful. *See Emme v. C.O.M.B.*, 418 N.W.2d 176 (Minn.1988). We find the question submitted here, although important, does not qualify to be certified under the *Emme* standard.

■ The trial court having determined that the water slide was not an improvement to real property should have proceeded to trial. If legal issues can be disguised as a certified question only to avoid the costs of trial, we can envision a barrage of cases in the guise of "important and doubtful" questions. A question should be certified only in the most compelling situation. This is not such a case.

However, the parties have briefed the question on appeal and have incurred costs in connection with the briefs. We thus are faced with a decision either to consider this case by discretionary review or to remand the case to the trial court because the issue was not one which should have been certified.

In this instance, we shall proceed to decide the question by discretionary review. We intend by our comments to send a clear message to the trial bench and bar that hereafter the standard for a certified question as articulated in *Emme* must be strictly followed.

■ The substantive issue before this court is whether a water slide used only during the summer months is an improve-

ment to real property within the meaning of Minn. Stat. § 541.051. We hold the slide is not an improvement to real property. *See, e.g., Morse v. Toppenish,* 46 Wash. App. 60, 729 P.2d 638, 640 (Wash. Ct. App. 1986) (diving board which was stored in off-season was not an improvement to real property where improvement was swimming pool itself).

In *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.,* 260 N.W.2d 548 (Minn. 1977), the supreme court adopted a common sense interpretation of the meaning of improvement. *Id.* at 554. In *Pacific Indemnity,* the court found an improvement to real property was

> "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs."

*Id.* (quoting *Kloster-Madsen, Inc. v. Tafi's, Inc.,* 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975)).

The water slide was not a permanent addition to the property. While it was bolted to concrete pads at the bottom of the pond, it was designed to be and was removed every winter for storage. *But see Kemp v. Allis Chalmers Corp.,* 390 N.W.2d 848, 850 (Minn. Ct. App. 1986) (large electrical cable permanently installed as part of electrical transmission system constituted improvement to real property); *Lovgren v. Peoples Electric Co., Inc.,* 368 N.W.2d 16, 18 (Minn. Ct. App. 1985) (permanently installed transformer which supplied energy to electric steel mill is an improvement to real property), *reversed on other grounds,* 380 N.W.2d 791 (Minn. 1986). The slide was a removable piece of playground equipment. As Jim McCord, Director of Parks and Recreation for the City of Duluth, stated in his affidavit:

> [P]layground equipment that is used only during one season of the year, * * *, is often detached from the land for much of the year, and is not necessarily rein-

stalled in the same place each year; the slides at the Twin Ponds Recreation Area were portable pieces of equipment, intended to be used only in the summer season and designed so they could be removed when not needed; * * *.

The slide was only used at the Twin Ponds area for three months out of the year and was permanently removed from the area after the 1983 season. There has been no decrease in the capital value of the Twin Ponds facility due to its removal.

## DECISION

The Massies' claims are not time barred by Minn. Stat. § 541.051.

Certified question answered in the negative.