**Donald E. WIITA, et al., Appellants,**

v.

**POTLATCH CORPORATION,
Respondent.**

**No. C2–92–698.**

Court of Appeals of Minnesota.

Nov. 17, 1992.

James J. Courtney III, Duluth, for appellants.

Frank B. Yetka, Rudy, Gassert, Yetka, Korman & Doran, P.A., Cloquet, for respondent.

Considered and decided by KLAPHAKE, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

KLAPHAKE, Judge.

Donald Wiita and his wife Harriet Wiita appeal from summary judgment, contending Donald Wiita's personal injury claim is not time barred under Minn.Stat. § 541.051 (1990), which covers claims for injuries or damages arising from the conditions of improvements to real property. We reverse and remand for trial.

## FACTS

On December 2, 1986, appellant Donald Wiita, a bricklayer foreman, and Greg Slyh, a labor foreman, were injured at a construction site when cement blocks being moved by a crane fell on them. Both of the men and the crane operator were employed by Boldt Construction (Boldt) on a large modernization project involving Potlatch Corporation's (Potlatch) Cloquet, Minnesota, paper plant. Potlatch and Boldt each claim that the other company was the general contractor and in control of the project.

At the time of the accident, Boldt employees had nearly completed constructing a fire wall on part of the project. The accident occurred in the early morning when the wall was covered and no work was being done on it. Wiita and other Boldt employees claim that the accident occurred because Potlatch ordered the Boldt employees working on the fire wall to exchange the hydraulic crane they were using, which offered precise control, for a mechanical crane typically used for more gross movement, such as iron working. Apparently, the hydraulic crane was needed to work on an emergency problem in another part of the project.

According to Wiita, the first group of blocks the mechanical crane moved from the laydown area to a service landing fell on him after they first fell on the service landing. It is unclear where Wiita was

standing at the time of the accident. Slyh was standing on or climbing off the scaffolding. The crane operator stated that the blocks were not "on right" and fell when he had to "hit the brakes" to avoid hitting Slyh, who was in the path of the crane.

Wiita initiated a personal injury action against Potlatch in December 1991 and his wife asserted a derivative claim. In March 1992, the district court granted Potlatch summary judgment, concluding that the Wiitas' claims were time barred under Minn.Stat. § 541.051 (1990), the two-year statute of limitations for injuries arising from the condition of an improvement to real property. The Wiitas appeal.

## ISSUE

Did the trial court err by ruling that claims of a construction worker injured on a job site were time barred by the two-year statute of limitations under Minn.Stat. § 541.051, subd. 1 (1990) for damages arising out of the condition of an improvement to real property?

## ANALYSIS

In reviewing a grant of summary judgment, this court must determine (1) whether genuine issues of material fact exist for trial and (2) whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). We view the evidence in the light most favorable to the party against whom summary judgment was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982).

Minn.Stat. § 541.051, subd. 1(a), (c) (1990) provides:

Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages * * * for bodily injury * * * arising out of the defective and unsafe condition of an improvement to real property, * * * shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the

real property more than two years after discovery of the injury.

    \*      \*      \*      \*      \*      \*

Nothing in this section shall apply to actions for damages resulting from negligence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.

Minnesota courts have adopted the following definition of "improvement":

A permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

*Kloster–Madsen, Inc. v. Tafi's, Inc.*, 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975) (quoting *Webster's Third New Int'l Dict.*, 1138 (1971)); *see Pacific Indem. Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548, 554 (Minn.1977).

The Wiitas argue that Minn.Stat. § 541.051 is inapplicable because Wiita's injury occurred due to the supervision or negligent operation of the crane operator, and no causal connection exists between his injury and the wall which they admit constituted an improvement to real property. Potlatch contends that Wiita's injuries arose out of the condition of the improvement because "but for the fact that the wall was only partially completed" there would have been no need to move the blocks.

No Minnesota cases have determined the circumstances under which an injury "arises" out of the condition of an improvement. Minnesota courts have held that non-fixtures may be improvements, resulting in application of Minn.Stat. § 541.051. *See Pacific Indem.*, 260 N.W.2d at 554 (shopping center furnace); *O'Connor v. M.A. Mortenson Co.*, 424 N.W.2d 92, 94 (Minn.App.1988) (unfinished stairway), *pet. for rev. denied* (Minn. July 28, 1988); *Kemp v. Allis–Chalmers Corp.*, 390 N.W.2d 848, 851 (Minn.App.1986) (electrical cable "affixed" to electrical system). The

statute has further been applied to exclude claims arising from construction conditions of an improvement. *Fiveland v. Bollig & Sons, Inc.*, 436 N.W.2d 478, 480 (Minn.App. 1989) (unlighted and unmarked excavation site), *pet. for rev. denied* (Minn. Apr. 24, 1989). However, in all cases holding an item to be an improvement, the item permanently altered the real property. *See Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 452 (Minn.1988) (crane permanently installed in mining operation); *Kemp*, 390 N.W.2d at 85 (electrical cable permanently "affixed" to electrical system). Where an item does not permanently alter real property, it may not constitute an improvement, and injuries arising from the item are not time barred by the statute. *See Massie v. City of Duluth*, 425 N.W.2d 858, 861 (Minn.App.1988) (outdoor removable water slide held not an improvement), *pet. for rev. denied* (Minn. Sept. 16, 1988).

Consistent with *Griebel v. Andersen Corp.*, 489 N.W.2d 521 (Minn.1992), we examine the question of whether Wiita's injury arose out of the condition of an improvement to real property in light of the facts alleged in the complaint. We believe the blocks which struck Wiita did not constitute an improvement or the condition of an improvement. Here, it is uncontroverted that the wall constituted an improvement. However, the blocks were not a part of the improvement because they were not permanently affixed to the wall when they injured Wiita. *See Massie*, 425 N.W.2d at 861. Potlatch relies on *Sartori* for the proposition that the statute applies when construction equipment or materials are dropped by a crane used to complete an improvement. *Sartori*, 432 N.W.2d at 452. We disagree. In *Sartori*, the crane was a permanent part of the improvement, while in this case only the wall, and not the crane, constituted the improvement. Thus, *Sartori* is distinguishable on its facts. Further, in this case the accident arose, not from the condition of the improvement, but from the defective condition or negligent operation of the crane. "[G]iving effect to the plain meaning of the words * * * without resort to technical legal construction of its terms," *Pacific Indem. Co.*, 260 N.W.2d

at 544, we conclude the statute of limitations for claims arising out of the condition of an improvement to real property does not apply in this case.

### DECISION

The Wiitas' claims are not time barred by the two-year statute of limitations under Minn.Stat. § 541.051, subd. 1 because there is no causal connection between Donald Wiita's injury and the condition of the improvement to real property.

Reversed and remanded for trial.