**Floyd KLINE, et al., Respondents,**

v.

**DOUGHBOY RECREATIONAL MANU-FACTURING COMPANY, A DIVISION OF HOFFINGER INDUSTRIES, INC., Appellant.**

**Pool Products, Inc., Respondent.**

**No. C0–92–702.**

Court of Appeals of Minnesota.

Feb. 2, 1993.

Geoffrey J. Gempeler, Timothy W. Nelson, St. Cloud, for respondents.

William M. Hart, Thomas H. Crouch, Meagher & Geer, Minneapolis, for appellant.

Paul C. Peterson, Lind, Jensen & Sullivan, Minneapolis, for respondent.

Considered and decided by KALITOWSKI, P.J., and NORTON and HARTEN, JJ.

## OPINION

KALITOWSKI, Judge.

This case arises out of injuries caused when respondent Lucinda Kline dove into her above-ground swimming pool in 1984. Respondents filed suit against appellant in 1987 claiming the injuries occurred because the pool was defective in design and unsafe for its intended use.

Denying appellant's summary judgment motion, the trial court ruled as a matter of law that the swimming pool was not a permanent improvement to real property and respondents' claims were not barred by a two-year statute of limitations. The case proceeded to trial which resulted in a jury verdict for respondents. Appellant raises a number of issues on appeal including assumption of risk, lack of causation, duty to warn, the adequacy of warnings and application of the two-year statute of limitations.

## FACTS

Because our ruling is limited to the applicability of the two-year statute of limitations, only facts relevant to that issue will be discussed. Appellant Doughboy Recreational Manufacturing Company manufactures above-ground swimming pools. In August 1983, respondents Floyd and Lucinda Kline purchased an above-ground pool measuring $21 \times 41$ feet from the local Doughboy retail dealer.

The pool consisted of a circular wall supported by legs which were stabilized by concrete blocks embedded into the ground. A vinyl liner attached to the wall and held the water. A concrete slab was poured next to the pool for the equipment necessary to maintain the pool, and electrical wires were connected to this equipment. The pool consisted of a shallow end, a slope or transitional area and a deep end. The pool was partially below ground. Soil was excavated to a depth of over three feet to obtain a maximum depth of seven feet at the deep end.

Upon completion of the pool, Floyd Kline built an elevated wooden deck around a portion of it. The deck was built in three sections and was attached to the ground with cement footings. The deck was not attached to the pool.

In July 1984, Lucinda Kline was injured when she dove headfirst from the deck into the pool. The exact location of the dive was not conclusively established at trial.

In May 1987, respondents brought suit against appellant claiming the pool was defective in design and condition and un-reasonably dangerous to users. Appellant made a motion for summary judgment based on the statute of limitations which was denied. A jury found Lucinda Kline 15% negligent and appellant 85% negligent. Appellant brought motions for a new trial and judgment notwithstanding the verdict which the trial court denied.

## ISSUES

1. Was respondents' swimming pool an improvement to real property within the meaning of Minn.Stat. § 541.051, subd. 1 (1984)?

2. Did respondents commence the action within two years of their discovery of the alleged defect?

3. Did appellant waive its right to raise the statute of limitations on appeal?

4. Did respondents prove warranty and warning claims not subject to the two-year statute of limitations?

## ANALYSIS

The trial court rejected appellant's statute of limitations defense concluding as a matter of law that Minn.Stat. § 541.051, subd. 1 (1984) did not apply. A reviewing court is not bound by and need not give deference to a trial court's determination of a purely legal question. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). "[T]he construction of a statute * * * is clearly a question of law" and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). Appellant bears the burden of proof and persuasion on a statute of limitations affirmative defense. *Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn.1988).

### I.

■ Appellant argues respondents' claims are barred as a matter of law by the statute of limitations set out in Minn.Stat. § 541.051, subd. 1 which states in relevant part:

Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages * * * for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property * * * more than two years after discovery thereof.

Appellant claims the installation of the swimming pool in respondents' backyard was an improvement to real property and, therefore, any claim against it as the manufacturer of the pool is covered by the two-year statute of limitations. Mrs. Kline's diving incident occurred in July 1984. Suit was filed against appellant in May 1987.

An "improvement to real property" is defined as:

[A] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

*Pacific Indem. Co. v. Thompson–Yaeger, Inc.,* 260 N.W.2d 548, 554 (Minn.1977) (citations omitted). The court in *Pacific Indem.* emphasized that the phrase was to be given a common sense interpretation which would "give effect to the plain meaning of the words without resort to technical legal construction of its terms." *Id.*

In rejecting appellant's statute of limitations defense, the trial court stated that the portability of the swimming pool takes it out of the definition of permanent improvement to real property. We disagree.

In applying Minn.Stat. § 541.051, subd. 1, both federal and state courts have concluded the test is not whether something can be moved, but whether it meets the definition of improvement to real property. A rock crusher has been found to be an improvement to real property despite the fact that it could be removed. *Moen v. Rexnord, Inc.,* 659 F.Supp. 988, 989 (D.Minn.1987). The crusher had been in-

stalled elsewhere and transported to the location where the accident occurred. The court stated the crusher "was installed through the expenditure of labor and money, was designed to make the rock-crushing company's property more useful, and enhanced the property's capital value" thus making it a permanent improvement to real property. *Id.*

Likewise, in *Sartori v. Harnischfeger Corp.,* 432 N.W.2d 448, 452 (Minn.1988), a crane was held to be an improvement to real property even though it could be dismantled without destroying the building to which it was attached. The court stated the permanency of the crane was evidenced by the series of catwalks, walkways and rails that had been constructed around it. *Id.*

Respondents' swimming pool, like the rock crusher and the crane, could with effort be removed from respondents' property. However, common sense supports a conclusion that the pool meets the definition of a permanent improvement. A large amount of soil was excavated to install the pool; concrete block footings were installed; a concrete pad for the pool's mechanical equipment was poured; electrical systems were wired. Construction of the pool required substantial labor and money. The pool was further integrated into respondents' backyard by the construction of an elevated deck secured by concrete footings which partially surrounded the pool. The fact the pool could have been removed does not negate our conclusion that the pool meets the definition of an improvement to real property.

Respondents argue the recent case of *Ritter v. Abbey–Etna Mach. Co.,* 483 N.W.2d 91 (Minn.App.1992), *pet. for rev. denied* (Minn. June 10, 1992), supports their position that the pool is not an improvement to real property. We disagree.

In *Ritter,* the court held that a steel tube mill, located inside a factory, was not a permanent improvement because it was not "integral to and incorporated into the building or structure on the property." *Id.* at 93. The court distinguished the steel mill from the crane in *Sartori,* concluding that

unlike the crane "the steel tube mill, which is essentially production machinery, was not an integral part of [the factory] building." *Id.* Respondents argue that like the steel tube mill, the pool is not incorporated into any building on their property and, therefore, under *Ritter* cannot be a permanent improvement.

■ The holding in *Ritter* focuses on the applicability of Minn.Stat. § 541.051, subd. 1 to production equipment and machinery, which by its very nature is often installed inside a building. We reject an interpretation of permanent improvement requiring in every case that an object be incorporated into an existing structure. Under such an interpretation, Minn.Stat. § 541.051, subd. 1 would not apply to a garage, or other type of addition constructed on a person's property, unless the object was incorporated into the existing home. A common sense definition of permanent improvement does not support this construction of *Ritter*.

Respondents further argue the pool fails to meet the definition of a permanent improvement because its installation did not increase their property value. Respondents presented affidavit testimony to the trial court from the Sherburne County Assessor stating the pool did not increase the assessed value of respondents' property.

■ The tax treatment of an improvement or addition is not a controlling factor in determining whether something is a permanent improvement to real property. The common sense definition of that phrase, adopted in *Pacific Indem.*, stressed that "technical legal constructions were less preferable" and that "tax treatment is just such a technical legal consideration." *Moen*, 659 F.Supp. at 990. Further, in *Thorp v. Price Bros. Co.*, 441 N.W.2d 817, 820 (Minn.App.1989), *pet. for rev. denied* (Minn. Aug. 15, 1989), this court stated "enhancement of property value is only one factor to consider." In *Thorp*, the court found a conveyor system was an improvement to real property even though it did not directly affect the value of the property. *Id.*

Respondents argue that because dismissal pursuant to a statute of limitations defense is a harsh remedy such statutes are to be strictly construed. We agree. However, we are compelled by the plain language of Minn.Stat. § 541.051, subd. 1 and the undisputed facts of this case to conclude that respondents' swimming pool is a permanent improvement to real property. As such, respondents' action against appellant claiming defective and unsafe conditions of the pool is subject to the two-year statute of limitations set out in Minn.Stat. § 541.051, subd. 1.

## II.

■ Respondents argue that even if the statute of limitations applies, they commenced their suit within two years of discovery of the defective condition of the pool or, in the alternative, that appellant failed to meet its burden of proof establishing when respondents' cause of action accrued. We disagree.

Under the 1984 statute of limitations applicable in this case, the two-year period "commences when the injured party discovers, or with reasonable diligence should have discovered, the defective condition of an improvement to real property." *Wittmer v. Ruegemer*, 419 N.W.2d 493, 494 (Minn.1988). Respondents claim that until they spoke with attorneys and experts they thought Mrs. Kline's injuries resulted from a "freak accident" and did not realize the pool contained unsafe defects.

■ The supreme court has noted that: When a third-party is injured in a sudden, unexpected mishap arising out of the defective and unsafe condition, a serious dispute over the time of discovery [of the condition] is unlikely, and the commencement of the two-year limitation can ordinarily be decided as a matter of law. Similarly, when sudden, calamitous damage arises out of a hidden defect, the date of the owner's discovery may be a matter for summary disposition.

*Wittmer*, at 497. Here, respondents' case involves a sudden, unexpected mishap and, therefore, this court is free to determine when respondents' cause of action accrued.

In *Thorp*, this court addressed this issue and stated:

[I]t is undisputed that Thorp was injured in a sudden, unexpected mishap. Given these facts, Thorp either discovered or with reasonable diligence should have discovered the defective and unsafe condition of the equipment on the date he was injured. The fact that he was unaware of the exact nature of the defective and unsafe condition until he was allowed to inspect the equipment does not preclude a grant of summary judgment in this case.

*Thorp*, 441 N.W.2d at 821. Likewise the federal court in *Moen* found the statute of limitations began running when the plaintiff discovered his damages. The court rejected the argument that the statute should have tolled until the injured party learned from an attorney that he had a potential cause of action for a defective and unsafe product. *Moen*, 659 F.Supp. at 990.

We conclude as a matter of law that respondents discovered or should have discovered the defective or unsafe condition of their pool at the time of Mrs. Kline's diving accident. Therefore, the two-year statute of limitations began running in July of 1984 and respondents were required to commence their action by July of 1986.

### III.

■ Respondents argue appellant is barred from raising the statute of limitations issue on appeal. Respondents claim that appellant's failure to raise the issue at trial, failure to propose the issue on the verdict form and failure to request jury instructions addressing the issue results in a waiver of appellant's right to challenge the trial court's ruling on appeal. We disagree.

Appellant correctly pleaded and filed the appropriate motions raising a statute of limitations defense. The trial court ruled as a matter of law that Minn.Stat. § 541.-051, subd. 1 did not bar respondents' claims. Appellant brought the appropriate posttrial motions again claiming a statute of limitations defense. Appellant did not waive its right to appeal the trial court's ruling by not presenting the issue to the jury. As a result of the trial court's ruling, no fact questions regarding this issue remained for the jury's resolution. Appellant properly protected its right to appeal the trial court's ruling.

### IV.

Respondents argue that Minn.Stat. § 541.051, subd. 1 does not bar their breach of warranty claim which is governed by a four-year statute of limitations. However, respondents, by their own admission, abandoned their cause of action in warranty at trial and did not submit a warranty claim to the jury. Having elected to abandon this claim, it is irrelevant that a warranty claim, if proven, may not have been time-barred.

■ Respondents further contend they proved a strict liability warning claim which contains a separate and ongoing duty on the part of appellant and, therefore, is not governed by the two-year statute of limitations. In support of this argument, respondents cite *Horvarth v. Liquid Controls Corp.*, 455 N.W.2d 60 (Minn.App. 1990), *pet. for rev. denied* (Minn. July 13, 1990).

*Horvarth* involved a wrongful death suit brought against a manufacturer of parts used in the work place where the death occurred. This court affirmed in part a grant of summary judgment holding that all of the plaintiff's claims except one were barred by Minn.Stat. § 541.051, subd. 1. The claim not barred involved defendant's alleged ongoing duty to use due care in advising the employer and employees at the facility where its parts were used on how to safely operate the facility. This court found Minn.Stat. § 541.051 did not apply where "safety information was provided after substantial completion of the facility." *Id.* at 64. The court concluded the duty to warn was ongoing and plaintiff's claim was based in negligence and not covered by the two-year statute of limitations.

We conclude *Horvarth* is not applicable. Here, appellant did not have any contact or provide information to the respondents af-

ter substantial completion of the swimming pool. Any duty owed by appellant to respondent arose solely from the manufacture and installation of the pool. Appellant did nothing to extend its duty to warn beyond completion of the installation of the pool. The strict liability warning claim that was submitted to the jury arose from the manufacture of the pool and is governed by the two-year statute of limitations.

## DECISION

Respondents' swimming pool is a permanent improvement to real property. Any suit against Doughboy alleging a defective condition of the pool is governed by the two-year statute of limitations in Minn. Stat. § 541.051, subd. 1 and, therefore, respondents' claims against appellant are barred. The judgment is reversed.

Reversed.

NORTON, Judge (dissenting).

I respectfully dissent and would affirm the trial court's ruling denying appellant's statute of limitations defense.

When compared with the familiar cement swimming pool which is dug into the ground permanently, this mostly above the ground pool is of an entirely different character. This above-ground swimming pool is portable, a fact recognized by appellant in its own advertising. The landscaping required for its installation was minor and only necessary to accommodate the deep end of the pool. The pool was not attached to or in anyway incorporated into respondents' home or the free-standing deck surrounding the pool.

Strict construction is appropriate when interpreting Minn.Stat. § 541.051, subd. 1 (1984). *Ritter v. Abbey–Etna Mach. Co.*, 483 N.W.2d 91, 93 (Minn.App.1992) (citing *Pacific Indemnity Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548, 554 (Minn.1977)), *pet. for rev. denied* (Minn. June 10, 1992).

In *Ritter*, this court stated that an improvement must be "incorporated into the building or structure" in order for it to be a permanent addition to real property. *Id.*

Applying this interpretation to the facts of this case, the respondents' pool cannot be a permanent improvement. Upon examination, it appears the pool in this case could be moved much easier than the steel tube mill in *Ritter*, yet there this court rejected the argument that the mill was a permanent improvement.

Respondents' pool is not a permanent improvement to real property. This view is consistent with the rule that statutes of limitation are to be strictly construed lest they become a harsh remedy. Under the facts of this case, I agree with the trial court that respondents' pool is not integral to or a permanent improvement to real property. I would affirm the trial court's ruling denying appellant's statute of limitations defense.