**AMERICAN SPIRIT GRAPHICS CORP., Appellant,**

v.

**TOSHIBA MACHINE COMPANY, LTD.,**
Toshiba Machine Company, America,
Appellees.

No. 93–2454.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1994.

Decided June 23, 1994.

Eric J. Strobel, Minneapolis, MN, argued, for appellant.

Scott P. Drawe, Minneapolis, MN, argued, for appellee.

Before MAGILL, Circuit Judge, HEANEY and JOHN R. GIBSON, Senior Circuit Judges.

PER CURIAM.

Plaintiff American Spirit Graphics Corp. (ASG) appeals from the district court's[1] order granting summary judgment to defendants Toshiba Machine Co., Ltd. and Toshiba Machine Co., America (collectively, Toshiba) in this diversity action. ASG argues that the district court erred in concluding that a Toshiba printing press installed in ASG's building was an "improvement to real property" within the meaning of Minn.Stat. § 541.051. We affirm.

ASG operates a printing business in Minneapolis. In February 1988, an ASG employee was injured when his left hand was caught in a Toshiba model 1600 printing press. ASG paid the employee worker's compensation benefits. In July 1992, it then brought the instant subrogation action against Toshiba under Minn.Stat. § 176.061 to recover these benefits, alleging defective design and manufacture of the printing press.

Toshiba moved for summary judgment, arguing that § 541.051's two-year statute of limitations for claims arising from improvements to real property barred ASG's action. The district court agreed, finding that the printing press was an improvement to real property and that ASG's cause of action accrued when its employee was injured, more than two years before it filed suit. ASG timely appeals.

Because the parties agree that ASG filed suit more than two years after its claim accrued, the only issue on appeal is whether the printing press was an improvement to real property within the meaning of § 541.051. In *Pacific Indemnity Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548, 554 (Minn. 1977) (citation omitted), the Minnesota Supreme Court explained that an improvement is " 'a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or

money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.' "

In *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 452 (Minn.1988), the court set out a five-factor test for determining what constitutes an improvement under *Pacific Indemnity's* definition. Like the court in *Marconie v. Toshiba Machine Co., Am.*, No. 4–90–467, 1991 WL 629811 (D.Minn. Apr. 1, 1991), which involved the same model Toshiba printing press, we believe that *Sartori* compels the conclusion that the printing press was an improvement to real property.

First, the press was a permanent addition to or betterment of real property. Since the press was installed in 1987, it has not been moved nor does ASG offer any evidence that it intends to relocate it. *See Marconie*, slip op. at 6; *Sartori*, 432 N.W.2d at 452. Second, the permanence of the press is evidenced by other undisputed facts, which show that: the press is 100 feet long and 20–25 feet wide; installing the press required tearing up the floor at the ASG building and replacing it with a thicker concrete floor poured specifically for the press; electrical wiring and plumbing needed for the press were set in the concrete pad; the press consists of several components, each of which is attached to anchors set in the concrete floor; and a series of ladders and walkways were built around the press to allow access to and operation of it. *See Marconie*, slip op. at 6; *Sartori*, 432 N.W.2d at 452.

Third, we agree with *Marconie* that the press enhances the capital value of the property by allowing the production of a greater volume of printed material. *Marconie*, slip op. at 6. Fourth, transporting the press to Minnesota, installing it on the property, and constructing the series of ladders and walkways around it involved the expenditure of both labor and money. *See Marconie*, slip op. at 6; *Sartori*, 432 N.W.2d at 452. Finally, ASG does not dispute that the presence of the press makes the building more useful and is designed to make ASG's business more

---

**1.** The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

efficient. *See Marconie,* slip op. at 6; *Sartori,* 432 N.W.2d at 452.

ASG argues, however, that *Wilson v. A.M. International,* No. 3–92–711 (D.Minn. Apr. 26, 1993), and *Ritter v. Abbey–Etna Machine Co.,* 483 N.W.2d 91 (Minn.Ct.App.1992), compel a different result. We disagree. In *Wilson,* the court found that there was a factual dispute as to whether the printing press at issue there enhanced the value of the real property because the owner of the press did not own the real property on which the press was installed. *See Wilson,* slip op. at 7–9 & n. 5. The court explained that "[w]hile the distinction between enhancement of a company's business pursuits and enhancement of the real property value may be artificial for a company which owns both the business equipment and the real property on which the business is operated, ... the fact that the business operates on property owned by another creates a separation of interest with respect to the enhancement of value of the real property." *Id.* at 9 n. 5. Here, ASG does not dispute that it owns both the building and the press.

*Ritter* is also inapposite. *Ritter* simply held that the production machinery at issue there was not an improvement to real property because it was not "integral to and incorporated into the building." 483 N.W.2d at 93. The court distinguished *Sartori,* which also involved production equipment, *see* 432 N.W.2d at 450, on the ground that the crane in *Sartori* "was connected to the crusher building by a rail transit system and a system of catwalks and platforms within the crusher building were constructed to use and maintain the crane." 483 N.W.2d at 93. As in *Sartori,* and unlike the case in *Ritter,* the undisputed facts show that the press at issue here is integral to and incorporated into the building.

For the foregoing reasons, we affirm the judgment of the district court.