TOWN OF NASEWAUPEE, Appellant, v. CITY OF STURGEON BAY, and another, Respondents.

*No. 75-2. Submitted on briefs March 3, 1977.—Decided March 30, 1977.*
(Also reported in 251 N. W. 2d 845.)

For the appellant the cause was submitted on the brief of *James C. Pankratz* of Sturgeon Bay.

For respondent City of Sturgeon Bay, the cause was submitted on the brief of *Sven V. Kirkegaard,* city attorney; and for respondent Eugene Jacobs, there was a brief by *Johnson, Herlache, Johnson & Johnson* of Sturgeon Bay.

HEFFERNAN, J. This appeal is from a judgment which approved the annexation of certain lands in the Town of Nasewaupee to the City of Sturgeon Bay. The principal question presented on this appeal is whether, in view of a sixty-day statute of limitations, the action by the Town contesting the annexation was timely brought. The trial court found that no effective action was taken by the town board within sixty days to authorize the commencement of the action and that a subsequent meeting of the town board, which purported to ratify the acts of an attorney in bringing an action on behalf ·of the town board, was a nullity. Accordingly, the trial judge dismissed the plaintiff's complaint.

Additionally, the Town, in its attack upon the annexation ordinance, contended that the City had failed to strictly comply with filing and notice requirements of the statute, and that, therefore, the annexation ordinance was void.

The trial judge, in addition to dismissing the Town's complaint because it was not timely authorized and brought, found the ordinance and the notices in substantial compliance with the statutes and therefore held the annexation valid. However, the latter question need not be addressed on this appeal, for sec. 66.021(10), Stats., provides that an annexation is conclusively valid if an action contesting it is not timely brought.

We conclude that no action was taken by the town board to authorize an action to contest the annexation within sixty days of the passage of the annexation ordinance. The ratification of the unauthorized commencement of a lawsuit came after the period of limitations had run, and hence the town board was wholly without power to commence an action or to ratify a prior but unauthorized action. We affirm the judgment of the circuit court.

The annexation in this case was initiated under the procedure of sec. 66.021(12), Stats. That procedure is

applicable to direct annexations when all of the electors and all of the owners of the real property sought to be annexed petition a city or village for the annexation of the territory. In the instant case the property in question was owned by Eugene Jacobs and his wife, and they initiated the proceedings by petition to the common council of the City of Sturgeon Bay.

The ordinance annexing the Jacobs property to the City of Sturgeon Bay was adopted by the common council of the City on October 17, 1972. In accordance with the terms of sec. 66.021(7) (d), Stats., the annexation was effective on the date of its enactment, October 17, 1972.

Under sec. 66.029, Stats., a town board may institute an action for the purpose of testing the validity of any proceedings "whereby territory is attached to or detached from any town." Sec. 60.29 (31) authorizes a town board to test the validity of any ordinance which detaches territory from the town and attaches it to a city. Sec. 60.29 (4) directs that a town board is "empowered and required: . . . To have charge of all actions to which the town is a party."

The sections of the statutes referred to above make it clear that the authorization to commence an action must stem from the action of a town board officially convened and acting as a board. Moreover, the time within which the town board may act is strictly limited. Sec. 66.021 (10) (a), Stats., provides:

"(10) ACTION. (a) No action may be commenced after 60 days from the effective date of any annexation to contest the validity thereof upon any grounds whatsoever, whether denominated procedural or jurisdictional. The validity of any annexation shall, 60 days after the effective date thereof, be conclusively established and may not be attacked collaterally or otherwise questioned."

The record demonstrates that an action, purportedly on behalf of the Town of Nasewaupee, contesting the

annexation of the Jacobs property, was commenced on December 16, 1972. December 16 was the sixtieth day following the effective date of the annexation, and, if authorized, the service of the summons constituted a timely commencement of the action.

After initially demurring to the plaintiff's cause of action, the City of Sturgeon Bay answered the complaint and asked for a dismissal on the merits. The City's answer did not raise any question in respect to the timeliness of the commencement of the action. It was not until the presentation of the Town's case during the course of trial that it became apparent that there was a substantial question in respect to whether the commencement of the action had been authorized by the town board.

At trial, the town clerk of the Town of Nasewaupee read into the record the following summary of the November 16, 1972, meeting of the Nasewaupee town board:

"Chairman Hoffmann agreed to contact the D.A. and or James Pankratz to seek out a good attorney knowledgeable of annexation laws and try to repossess or hold up the proceedings so they could not finalize this annexation—then to notify Cindy Lawrence of the results of such contacts."

He also read the minutes of the December 5, 1972, meeting of the town board, which stated:

"[Chairman Hoffmann] also reported that he had contacted Atty James Pankratz on the annexation situation and that Atty Pankratz related he would attempt to work something out and would forward correspondence to both Chairman Hoffmann and Andrew Lawrence informing them of the progress."

He additionally read the minutes of the town board meeting of October 30, 1973, which meeting occurred over a year after the effective date of Sturgeon Bay's annexation ordinance. Those October 30, 1973, minutes stated:

"The decision to fight the annexation proceedings was an oral decision by the then town board *outside of a town board meeting* and was never duly recorded in the minutes of any meeting, therefore, John A. Weckler, Jr., made a motion that the present town board ratify the previous action of the past town board in hiring and retaining an attorney (James Pankratz) on or about the first day of December 1972 to contest the annexation proceedings of Mr. and Mrs. Eugene Jacobs to the City of Sturgeon Bay and to pay all costs and fees involved in the necessary legal action therefore, Doug Pfister seconded, motion carried." (Emphasis supplied.)

Following the receipt of these minutes in evidence and at the completion of the Town's case, counsel for the City of Sturgeon Bay moved to dismiss the summons and complaint because the testimony of the plaintiff revealed that the town board had not authorized the commencement of the lawsuit and because the attempted ratification came too late. The trial judge made the specific finding of fact:

"The Court finds that the Town Board of the Town of Nasewaupee did not, on or before December 16, 1972, decide or resolve to institute an action to test the validity of the ordinance in question; and that said Town Board did not, on or before December 16, 1972, authorize or instruct the Town Clerk to verify the Complaint in this action; and did not, on or before said date, authorize counsel for plaintiff to commence this lawsuit."

This finding of fact, as any other finding of fact by a trial judge, will be affirmed on review unless it is contrary to the great weight and clear preponderance of the evidence. It is apparent that the finding is based upon the facts read into the record by the town's witnesses. The finding must be affirmed.

On this appeal, the attorney for the Town argues that the minutes demonstrate as a matter of law that the town board authorized the commencement of the action. It is clear, however, that whatever the intent of the in-

dividual members of the board might have been, or whatever their collective intent might have been as expressed outside the town meeting, the minutes of October 30, 1973, demonstrate that the decision of the members of the town board took place "outside of a town board meeting."

We stated in *Kleimenhagen v. Dixon*, 122 Wis. 526, 100 N.W. 826 (1904), that only an officially convened meeting of a municipal body will suffice to authorized municipal action. This court said:

"It is a well-recognized principle that when municipal boards are called upon to perform acts requiring discretion and judgment in administering public affairs, they can only act at authorized meeting duly held. [Citing cases.] The evidence shows that the meetings were irregular because the requisite steps for calling special meetings were not taken, and for this reason the proceedings of the village board at such meetings authorizing the construction of the drain were unauthorized and void." (at 533, 534)

Similar language appears in *Lisbon Avenue Land Co. v. Town of Lake*, 134 Wis. 470, 113 N.W. 1099 (1908), and in *Lewis v. Eagle*, 135 Wis. 141, 149, 115 N.W. 361 (1908). The informal action of town board members taken outside of a regularly or legally constituted meeting of the board was totally ineffective to authorize the commencement of the suit. It is apparent, therefore, that no action was taken by the town board of Nasewaupee within the sixty-day period of limitations to authorize the suit commenced by Attorney Pankratz on December 16, 1972.

The Town argues on this appeal, as it did in the trial court, that the action taken on October 30, 1973, constituted a ratification of Attorney Pankratz's commencement of the action. In respect to that, the trial judge found:

"It appears that the Town Board, on *October 30, 1973, attempted* to 'ratify the previous action of the past Town Board' but which is of no legal effect to satisfy the requirements of Section 66.021(10) of the Wisconsin Statutes."

While the trial judge concluded, as a matter of law, that the commencement of the action was not timely, he did not explain his holding why the attempted ratification of the commencement of the suit was ineffective. It is apparent, however, that he was, as a matter of law, correct.

Ordinarily, a subsequent ratification relates back to the time of the original transaction. *Saros v. Carlson,* 244 Wis. 84, 11 N.W.2d 676 (1943). However, that rule is not applicable when the rights of others have intervened by the passage of time. The rule presupposes that the principal who could have acted initially retains that power at the time of the ratification. Such is not the case here. Within the sixty-day period after the effective date of the annexation ordinance, the town board of Nasewaupee could authorize the commencement of an action; subsequent to that date, its power was barred by the limitations imposed by sec. 66.021, Stats. The law in this respect is summarized in the Restatement, *Agency* 2d, sec. 90, p. 230. The blackletter rule applicable to the circumstances of this case provides:

"If an act to be effective in creating a right against another or to deprive him of a right must be performed before a specific time, an affirmance is not effective against the other unless made before such time."

Comment *a* to this section states in part:

"The bringing of an action, or of an appeal, by a purported agent can not be ratified after the cause of action or right to appeal has been terminated by lapse of time."

Comment *c* provides in part:

"Further the purported principal can ratify the bringing of an action by an attorney purporting to act on his account, if the affirmance comes *before* a statute of limitations has run . . . ." (Emphasis supplied.)

Sec. 90 of the Restatement, *Agency* 2d, is directly applicable to this case and controls the validity of the attempted ratification.

By the admission explicit in the minutes of the town board, no board action was ever timely taken; and the attempted ratification came after the time the right of action had been extinguished by the running of the sixty-day period of limitations. No action subsequent to the running of that period could deprive the defendants here of their right to defend on the ground that the action had not been timely brought.

We conclude, therefore, that the trial judge correctly held that the attempted ratification was a nullity. Accordingly, no action authorized by the town board was timely brought, and the annexation ordinance is, therefore, conclusively valid and may not be attacked "upon any grounds whatsoever, whether denominated procedural or jurisdictional." Sec. 66.021 (10) (a), Stats.

It is argued by the Town on this appeal that the statute of limitations could not be raised for the first time in the course of trial and that it was incumbent upon the City of Sturgeon Bay to plead the defense of limitations in its answer. Under the circumstances of this case, we conclude that the interposition of the defense of limitations was timely. On the face of the complaint, the action was timely commenced; and only after plaintiff's own witnesses acknowledged that the authorization to commence the suit was insufficient was the City apprised of the fact that the initial suit was not authorized by the board and that the ratification came too late. When the

untimeliness was revealed, the defendant City took prompt action by moving to dismiss the summons and complaint.

We conclude that the defendants did not waive the defense of lack of authorized commencement of the suit or the untimeliness of the suit by not raising it in the answer. Because no authorized action was timely brought by the Town, the annexation of the Jacobs property to the City of Sturgeon Bay is not vulnerable to attack. No action was commenced within the sixty-day period following the annexation, and none could be commenced subsequent thereto by ratification or otherwise.

Accordingly, the validity of the annexation is conclusively established by the running of time; and we need not, nor do we have the jurisdiction to, inquire whether the annexation ordinance was free of defects either procedural or jurisdictional.

*By the Court.*—Judgment affirmed.