John **MIERNICKI**, et al., Appellants,

v.

**DULUTH CURLING CLUB,**
et al., Respondents.

No. A04–1741.

Court of Appeals of Minnesota.

July 5, 2005.

Robert E. Mathias, Mathias Law Firm, Duluth, MN, for appellants.

Diane B. Bratvold, Marcia K. Miller, Paula Vraa, Rider Bennett, LLP, Minneapolis, MN, for respondents.

Considered and decided by HUDSON, Presiding Judge; STONEBURNER, Judge; and DIETZEN, Judge.

**OPINION**

HUDSON, Judge.

The complaint in this dram-shop action against respondents was filed without the knowledge of appellants, the plaintiffs, by an attorney whom they had not retained. Respondents moved for summary judgment on the ground that the statute of

limitations had expired before appellants ratified the attorney's action in filing the complaint. The motion was denied, and the matter proceeded to trial. A jury awarded appellants collectively $20,000. Appellants challenge the award, and respondents challenge the denial of summary judgment. We do not address the merits of appellants' appeal because we conclude that the district court erred as a matter of law in denying summary judgment for respondents. We reverse the judgment awarded to appellants, and we reverse the denial of summary judgment to respondents.

## FACTS

Lynn Miernicki, 67, spent the evening of December 21, 2000, drinking at respondent Duluth Curling Club (DCC). In the early morning of December 22, with an alcohol concentration of 0.30, he fell down a flight of stairs and sustained a brain injury. He can no longer communicate or perform basic functions; he lives in a nursing home.

Sometime after the accident, Miernicki's brother, Mike Miernicki, retained an attorney. On December 20, 2002, two days before the statute of limitations expired, the attorney filed a complaint in a dram-shop action against DCC in the names of appellants, Miernicki's three adult children. They had not retained the attorney and were not aware that the complaint was being filed.

In October 2003, DCC served a motion for summary judgment on the ground that appellants had not complied with Minn. Stat. § 340A.802 (2002), requiring them to give notice of a potential dram-shop action within 240 days of retaining counsel and to bring the action within two years of an injury. In November 2003, before the hearing on the summary-judgment motion, each appellant executed an affidavit. Miernicki's son, appellant John Miernicki, said, "I was not aware that I was a party to a liquor liability lawsuit until after suit had been filed in my name.... I have never signed a formal retainer Agreement [of the attorney who filed the action].... " Miernicki's daughters, appellants Julie Hienricy and Mary Raimo,[1] each said, "I was told by my uncle, Mike Miernicki, that a lawsuit had been started sometime after the case had been started.... I have not yet signed a written retainer agreement.... " All three appellants said they ratified their uncle's hiring of the attorney.

DCC's summary-judgment motion was denied. On appeal, DCC filed a notice of review of that denial.

## ISSUE

Does filing a complaint without the plaintiff's knowledge toll a statute of limitations?

## ANALYSIS

"This court reviews de novo the district court's decision on summary judgment based on the application of a statute." *Davies v. West Pub. Co.*, 622 N.W.2d 836, 841 (Minn.App.2001) (addressing the denial of summary judgment on a statute of limitations issue).

The purpose of a statute of limitations is "to prescribe a period within which a right may be enforced and after which a remedy is unavailable for reasons of private justice and public policy." *Entzion v. Ill. Farmers Ins. Co.*, 675 N.W.2d 925, 928 (Minn.App.2004). The statute of

---

**1.** In their affidavits, appellant Julie Hienricy said she was incorrectly identified in the action as Julie Miernicki and appellant Mary Raimo said she was incorrectly identified as Mary Ravio.

limitations for dram-shop actions is set forth in Minn.Stat. § 340A.802, subd. 2 (2004): "No [dram-shop] action may be maintained ... unless commenced within two years after the injury." The dram-shop act is to be strictly construed. *Bushland v. Corner Pocket Billiard Lounge*, 462 N.W.2d 615, 616 (Minn.App.1990).

The record shows that appellants did not retain an attorney, plan to bring an action, or know that an action had been brought until after December 22, 2002, when the statute of limitations expired. They argue that their subsequent ratification of their uncle's retention of the attorney who brought the action in their name tolls the statute of limitations. Minnesota has no caselaw on point. But the Restatement (Second) of Agency § 90 (1958) provides that, "If an act to be effective in creating a right against another or to deprive him of a right must be performed before a specific time, an affirmance is not effective against the other unless made before such time." Here, to be effective in creating a right against DCC, an action had to be filed before December 22, 2002. Appellants' "affirmance," or ratification of the filing of that action, was not made before December 22, 2002, and is therefore not effective against DCC. *See Fed. Election Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 90, 115 S.Ct. 537, 539, 130 L.Ed.2d 439 (1994) (concluding that "the effort of the Solicitor General to authorize the FEC's petition [for certiorari] after the time for filing it had expired did not breathe life into it"); *Nasewaupee v. Sturgeon Bay*, 77 Wis.2d 110, 251 N.W.2d 845, 848–49 (1977) (holding that the town board's ratification of a private attorney's unauthorized commencement of a lawsuit when ratification came after the statute of

limitations had run was a nullity), *cited in Fed. Election Comm'n*, 513 U.S. at 98–99, 115 S.Ct. at 543. The attorney in *Nasewaupee* acted in good faith: he had been contacted by the chairman of the town board concerning the situation but had not been authorized to commence a lawsuit. *Nasewaupee*, 251 N.W.2d at 847. Analogously, the attorney retained by Mike Miernicki may have been acting in good faith when he filed a complaint in appellants' names. But good faith does not defeat a statute of limitations. *See, e.g., Kemp v. Allis–Chalmers Corp.*, 390 N.W.2d 848, 851 (Minn.App.1986) (stating that "a good-faith belief that there was a four-year statute of limitations period" and the contention that this would be more appropriate than the two-year statute that actually pertained could be addressed only in the legislature).[2]

## DECISION

Because appellants' ratification of the action filed in their name occurred after the statute of limitations had expired, the filing was ineffective against DCC. We reverse the judgment awarded to appellants and the denial of summary judgment to respondents. Respondents are entitled to summary judgment.

**Reversed.**

---

**2.** We also note that, even if the attorney had a good-faith belief as to appellants' willingness to bring this lawsuit, bringing it without their knowledge and without having been retained by them is counter to the scope of representation set out in Minn. R. Prof. Conduct. 1.2.