IN RE the PETITION TO INCORPORATE AS
A METROPOLITAN VILLAGE, UNINCORPORATED LANDS
LOCATED IN THE TOWN OF BROOKFIELD and Town of
Waukesha, Waukesha County, Wisconsin:

James J. WALT, Petitioner-Respondent,

v.

CITY OF BROOKFIELD, Town of Brookfield, City of
Waukesha and Village of Sussex, Intervenors,

TOWN OF WAUKESHA, Intervenor-Appellant.

Court of Appeals

*No. 2012AP919. Submitted on briefs November 19, 2012.
—Decided December 4, 2014.*

2015 WI App 3

(Also reported in 859 N.W.2d 115.)

542

On behalf of the intervenor-appellant, the cause was submitted on the briefs of *Dean P. Laing* of *O'Neil, Cannon, Hollman, DeJong & Laing S.C.*, Milwaukee, *Hector de la Mora* and *Douglas J. Hoffer* of *de la Mora & de la Mora*, Elm Grove; and supplemental briefs of *H. Stanley Riffle* and *Julie A. Aquavia* of *Arenz, Molter, Macy, Riffle & Larson, S.C.*, Waukesha.

On behalf of the petitioner-respondent, the cause was submitted on the briefs of *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP*, Waukesha.

Nonparty brief was filed by *H. Stanley Riffle* and *Julie A. Aquavia* of *Arenz, Molter, Macy, Riffle & Larson, S.C.,* Waukesha, and *Karen Flaherty,* city attorney, Brookfield, for the City of Brookfield.

Before Blanchard, P.J., Lundsten and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. The Town of Waukesha appeals an order of the circuit court dismissing the Town from these proceedings. The Town also appeals an order denying the Town's motion to dismiss a petition for incorporation of a village comprised of portions of two towns.[1]

¶ 2. Regarding the question of whether the circuit court erred in dismissing the Town, we conclude that the circuit court erroneously dismissed the Town from these proceedings and we reverse the circuit court's order.

¶ 3. Turning to the denial of the Town's motion to dismiss the petition, the Town argues that the court erred in failing to reach the following conclusions: (1) the incorporation petition fails to meet the minimum signature requirement under WIS. STAT. § 66.0203(2)(a) (2011–12);[2] (2) the petition fails to set forth facts substantially establishing the required standards for incorporation as required by § 66.0203(2)(c); and (3) the four-square-mile minimum area requirement under WIS. STAT. § 66.0205(5) is not satisfied. We conclude that the Town has forfeited the first two of

---

[1] We issued an original decision in this case on March 27, 2014. Shortly thereafter, the Town filed a motion for reconsideration, which we granted, withdrawing our decision on July 7, 2014, and requesting supplemental briefing.

[2] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

these arguments by failing to raise them before the circuit court.

¶ 4. As to the third minimum-area-requirement argument, the Town argues that the requirement was not met here because the area sought to be incorporated is taken from territory of two towns, and that, standing alone, the territory from each town would not satisfy the requirement. According to the Town, this is significant because territory from two towns cannot be added together to meet the minimum area requirement in the absence of a boundary agreement, and here, no boundary agreement between the two towns exists. We conclude that there is no language in the incorporation statutory scheme set forth in Wis. Stat. ch. 66 that requires two towns with territory that is the subject of an incorporation petition to enter into a boundary agreement in order to meet the minimum area requirement.

¶ 5. In a separate argument first raised by the Town on appeal in a motion for reconsideration, the Town argues that recent amendments to the incorporation statutory scheme created by 2013 Wis. Act 38 ("Act 38") do not permit the incorporation of territory from two towns unless each town approves the incorporation and, here, the Town did not approve the incorporation of the pertinent part of its territory. We conclude that this issue is not ripe in this appeal, because under our interpretation of the new Act 38 statutes, circuit courts reach this issue only after the incorporation review board grants a petition for incorporation, and this case has not yet reached that stage. On a related issue, Walt argues that the retroactivity provision of Act 38 would be unconstitutional as applied to him because that would deny him his due process rights. We conclude that this argument is not properly before us, because the incorporation review board has yet to make a determination on the incorporation petition.

546

¶ 6. Accordingly, we affirm in part, reverse in part, and remand to the circuit court with directions.

## BACKGROUND

¶ 7. James J. Walt commenced an incorporation proceeding, pursuant to Wis. Stat. § 66.0203, for the incorporation of 4.075 square miles of portions of the Town of Waukesha and an adjacent town, to create a municipal village. On December 5, 2011, Walt filed the petition in circuit court and subsequently gave notice of the filing of the petition to various municipalities in the area, including the Town of Waukesha. The notice stated that a hearing on the petition would be held on January 12, 2012.

¶ 8. After receiving notice of the petition, on December 27, 2011, the Waukesha town board held a meeting at which it unanimously approved a motion authorizing the Town's attorneys to intervene in the incorporation proceedings and oppose incorporation. Thereafter, the Town and the City of Waukesha each filed motions with the circuit court to intervene and to dismiss the petition.

¶ 9. On January 12, 2012, the circuit court held a hearing on the petition to incorporate, at which the court considered the Town's motions to intervene and to dismiss the petition to incorporate. With respect to the motions to intervene, the court asked Walt whether he objected to the participation of any of the parties present at the hearing. Walt stated that he had no objections, but noted that the court file contained insufficient documentation that the Town and the City of Waukesha authorized their participation in the proceedings. Walt requested that the court require both the Town and City to file "appropriate authorization or documents evidencing authorization."

547

¶ 10. In response to Walt's request for documentation of authorizations from the Town and City, the court stated it would allow the attorneys for each body to participate in the hearing "contingent upon" the bodies subsequently filing with the court "the appropriate authorizations on behalf of your municipalities for your involvement in the case." The City's attorney informed the court that the City of Waukesha common council was going to meet the following week, after which the City would be able to file the appropriate documents reflecting the common council's authorization for the City to intervene. The court then suggested to the Town and the City attorneys that they take "whatever necessary" steps were required, in consultation with their clients, to "make sure" that the proper documentation would be submitted, but did not further describe the type of documentation required.

¶ 11. Neither the Town nor the City objected to providing the court with the documentation. A January 30 written order from the court stated that the Town's motion to intervene in the proceeding was granted, subject to the Town filing "within fourteen days of the date of the hearing [January 12], a resolution or other documents authorizing [the Town] to participate as a party in this litigation."

¶ 12. Following the hearing on the incorporation petition, the circuit court denied the motions to dismiss the petition and referred the petition to the incorporation review board of the Wisconsin Department of Administration to consider whether the standards for incorporation under WIS. STAT. § 66.0207 were met.[3]

---

[3] Under WIS. STAT. § 66.0207, the incorporation review board "may approve for referendum only those proposed incorporations which meet" the requirements set forth in § 66.0207(1) and (2).

¶ 13. On January 17, 2012, the town board held a meeting at which the board adopted a resolution stating that the board "hereby re-affirms its prior intent as reflected in its prior resolution dated [December, 27, 2011] and authorizes the Town Attorney . . . to intervene" and oppose the proposed incorporation. The Town filed the January 17 resolution with the court on January 19, 2012, within the fourteen-day time period set by the court.

¶ 14. Walt filed a motion to dismiss the Town from the proceedings on the ground that the town board had not authorized the attorneys to represent the Town at any time prior to the January 12 hearing. Walt rested his argument in part on WIS. STAT. § 66.0203(5), which states that a "governmental unit entitled to notice . . . found by the court to be a party in interest may become a party to the proceeding prior to the time set for the hearing." Walt argued that the Town failed to qualify as a party "prior to the time set for the hearing." Walt also argued that, under Wisconsin case law, authorization for a municipality to participate in litigation where the decision to do so is discretionary must be given prior to the municipality participating in the litigation, and that here, the town board did not authorize the Town to intervene until after the January 12 hearing.

¶ 15. The Town argued that it had complied with the court's condition of appearance, set at the January 12 hearing and contained in the January 30 order, by submitting to the court, within the fourteen-day time limitation set by the court, the resolution of January 17, 2012, noting and explicitly reaffirming the Town's December 27, 2011 authorization to intervene through adoption of an oral motion. As part of this argument, the Town contended that there was no requirement in the law that oral approval of a motion by a town board

authorizing intervention was not sufficient to establish authorization to intervene, and therefore the Town had no reason to believe that the January 17 resolution would not be sufficient to establish authorization in compliance with the court's order.

¶ 16. At the hearing on Walt's motion to dismiss, the circuit court granted Walt's motion on the ground that the Town had failed to timely file, as required by the court's order, "a resolution or other documents" establishing that the town board had authorized the Town to intervene before the January 12 hearing. The court concluded that the only timely submission by the Town was insufficient because it proved only that the board's authorization was effective on January 17, when the board adopted the January 17 resolution. The court concluded that its January 30 order required the Town to produce a written document that was in existence prior to the January 12 hearing and that established the town board's authorization to intervene.

¶ 17. In May 2012, the parties stipulated to a stay of the proceedings before the incorporation review board could act. The stay remains in effect and the Town of Waukesha appeals.

## DISCUSSION

### I. Dismissal of the Town

¶ 18. The Town argues that the circuit court erroneously dismissed it from the incorporation proceedings because it met the conditions set by the court for intervention. We agree. Our agreement is based on our interpretation of the court's order setting conditions the Town was required to meet in order to

intervene in this case and on our rejection of Walt's alternative argument supporting dismissal of the Town. For the reasons that follow, we conclude that, construing the January 30 order under a plain language interpretation, the Town complied with the court's conditions for intervention.

¶ 19. We interpret court orders as we do other written instruments. *See Jacobson v. Jacobson*, 177 Wis. 2d 539, 546, 502 N.W.2d 869 (Ct. App. 1993) (interpreting a written judgment). Because we review court orders as we do other written instruments, we independently interpret the court's order. *See id.* at 547; *see also Fessler v. Fessler*, 147 Wis. 2d 1, 8, 432 N.W.2d 103 (Ct. App. 1988) (interpreting an unambiguous judgment from the circuit court under the de novo standard of review). "[W]e begin with the plain language of the [order]" and "[w]e only turn to extrinsic evidence when the plain terms . . . are ambiguous." *BV/B1, LLC v. InvestorsBank*, 2010 WI App 152, ¶ 25, 330 Wis. 2d 462, 792 N.W.2d 622. If we determine that the order's language is unambiguous, we "end[] with the language" of the order. *Town Bank v. City Real Estate Dev. LLC*, 2010 WI 134, ¶ 39, 330 Wis. 2d 340, 793 N.W.2d 476. We conclude that the language of the order is unambiguous.

¶ 20. As noted above, the January 30 written order tracks the court's oral pronouncement at the January 12 hearing, in establishing the conditions the Town was required to meet in order to intervene. The court granted the Town's motion to intervene contingent upon the Town "filing with the Court, within 14 days of the date of the [January 12] hearing, a resolution or other documents authorizing [the Town] to

participate as a party in this litigation." We interpret the order as unambiguously setting two, and only two, conditions that the Town had to satisfy in order to intervene: (1) the Town had to produce one or more documents that reflected authorization by the town board for the Town to intervene, and (2) the document(s) had to be filed with the court within fourteen days of the January 12 hearing. Notably, and contrary to the circuit court's apparent assumption, we do not see language in the January 30 order requiring that the town board's authorization occur prior to the January 12 hearing or that the authorization be in writing or otherwise evidenced by documentation that pre-existed the January 12 hearing.

¶ 21. Looking at the two conditions that *were* imposed and, turning to the Town's January 19 submission, we conclude that the Town complied. The January 17 resolution evidences town board authorization on December 27 (albeit reaffirmed on January 17) and the document was timely filed.[4] Accordingly, there

---

[4] In its comments at the February 22 hearing on Walt's motion to dismiss and in its written order of March 21, granting Walt's motion to dismiss the Town, the circuit court appeared to focus on other purported defects in the Town's January 17 resolution. For instance, the court appeared to focus on the Town's reference to a "resolution" approved on December 27, when there had been only a "motion" approved on that date. Separately, the court stated that it could not give the January 17 resolution "retroactive effect," which may rest on the incorrect premise that the January 30 order required that any document submitted by the Town as proof of authorization had to have been created prior to the January 12 hearing or the incorrect premise that the resolution document did not also evidence prior authorization on December 27. We note that Walt also raised these purported defects on appeal. However, because we conclude that the court's January 12 order unambiguously set only two conditions that the Town had to satisfy in order to

was no reason to dismiss the Town based on the proposition that the Town failed to comply with the circuit court's order.

¶ 22. On appeal, Walt seems to argue that, regardless of the conditions imposed by the circuit court, case law and statutory law support the circuit court's decision to dismiss the Town as a party. The problem with this alternative argument is that it wrongly assumes that the Town failed to present evidence that its participation was authorized prior to the January 12 hearing. Specifically, Walt argues that under *Town of Nasewaupee v. City of Sturgeon Bay*, 77 Wis. 2d 110, 251 N.W.2d 845 (1977), and the plain language of Wis. Stat. § 66.0203(5), authorization for a municipality to participate in litigation where the decision to do so is discretionary must be given prior to the municipality participating in the litigation, and that here, the town board did not authorize the Town to intervene until after the January 12 hearing. We need not weigh in on whether *Town of Nasewaupee* and § 66.0203(5) impose this requirement (much less how such a requirement can be met) because, even if these sources do impose such a requirement, it is met here. As we have indicated, the Town submitted evidence showing that the town board authorized the Town's participation on December 27, 2011, well before the January 12 hearing.

¶ 23. For these reasons, we conclude that the circuit court erred in dismissing the Town from these proceedings. Because the authorization issue was the only basis for dismissing the Town as a party, we reverse the order dismissing the Town.

intervene, and that the Town met both conditions, we find that these arguments relating to the purported defects have no merit.

## II. Forfeiture

¶ 24. As we have indicated, the Town argues that the circuit court erred in denying the motion to dismiss the petition because the petition fails to meet the signature requirement and does not set forth facts substantially establishing the requirements for incorporation. *See* Wis. Stat. §§ 66.0203(2)(a) (signature requirement), 66.0203(2)(c) (factual requirement). In his response brief, Walt correctly observes that the Town did not make either of these arguments in the circuit court.

¶ 25. In general, courts will not address "issues raised for the first time on appeal since the [circuit] court has had no opportunity to pass upon them." *Hopper v. City of Madison*, 79 Wis. 2d 120, 137, 256 N.W.2d 139 (1977). We discern no reason to deviate from our normal practice here.

### III. Need For A Boundary Agreement To Meet The Minimum Area Requirement

¶ 26. The Town argues that the circuit court erroneously concluded that the four-square-mile minimum area requirement was met, as set forth in Wis. Stat. § 66.0205(5), and consequently the court erred in denying the Town's motion to dismiss the petition.[5] As to this issue, the Town argues that the minimum area

---

[5] Wisconsin Stat. § 66.0205 provides in relevant part:

Before referring the incorporation petition ... to the board, the court shall determine whether the petition meets the formal and

requirement was not met here because the petition combined territory from the two towns, and the area sought to be incorporated from each town, standing alone, could not satisfy the requirement. The Town argues that the only way by which the requirement could be met is by joining territory from the two towns, by way of a boundary agreement, and here no such agreement exists. The Town, however, provides no support for its assertion that there needed to be a boundary agreement.

¶ 27. As we have indicated, it is undisputed that the entire territory sought to be incorporated consists of more than four square miles, but that the area sought to be incorporated from each town, standing alone, is less than four square miles. Thus, in order to meet the minimum area requirement here, it is necessary to count the areas sought to be incorporated from both towns together.

¶ 28. As stated above, the procedure for incorporating a village is governed by statute. *See Whitten v. City of Milwaukee*, 267 Wis. 481, 482, 66 N.W.2d 333 (1954); WIS. STAT. §§ 66.0201–0211. We find no language in the incorporation statutory scheme requiring boundary agreements as a prerequisite to the joining of territory from two towns for the purpose of incorporating as a village. And, as we have indicated, the Town

signature requirements and shall further find that the following minimum requirements are met:

. . . .

(5) STANDARDS WHEN NEAR 1ST, 2ND OR 3RD CLASS CITY. If the proposed boundary of a metropolitan village . . . is within 10 miles of the boundary of a 1st class city or 5 miles of a 2nd or 3rd class city, the minimum area requirements are 4 . . . square miles for villages . . . .

555

does not direct our attention to any supporting statutory language, or any other support for that matter.

IV. Approval Requirement of Act 38

¶ 29. The Town argues that recent amendments to the incorporation statutory scheme created by Act 38 do not permit the incorporation of territory from two towns unless both towns approve the incorporation, and here, the towns did not approve the incorporation of the pertinent part of their territories. As we discuss in greater detail in the following paragraphs, the new statutes apply here. However, we conclude that the question of whether the approval requirement is satisfied is not ripe for our consideration.

¶ 30. In enacting Act 38, the legislature created two additional requirements to the incorporation process set forth in the current version of Wis. STAT. § 66.0203 (through 2013 Wis. Act 380, October 4, 2014)[6] (hereinafter, Wis. STAT. § 66.0203 (2014)). Section 66.0203(4m) (2014) limits incorporation where, as here, incorporation is proposed from land taken from only two towns:

> INCORPORATIONS INVOLVING PORTIONS OF 2 TOWNS. If the territory designated in the petition is comprised of portions of only 2 towns, the territory may not be incorporated unless the town board of each town adopts a resolution approving the incorporation.

The legislature also amended subsection (9) in the following way, as pertinent, to address the timing of dismissals of petitions:

---

[6] This is a reference to the electronic version of the statute.

(f)1. If the board determines that the petition shall be dismissed under par. (e)1., the circuit court shall issue an order dismissing the petition. Except as provided in subd. 2., if the board grants the petition, the circuit court shall order an incorporation referendum as provided in s. 66.0211.

2. If sub. (4m) applies, the court shall dismiss the petition if the court does not find that the resolutions required under sub. (4m) have been adopted. . . .

¶ 31. In addressing this issue we must construe and apply the current version of WIS. STAT. § 66.0203 (2014) to the facts of this case. Statutory interpretation is a question of law subject to de novo review. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 659, 539 N.W.2d 98 (1995).

■

¶ 32. As we have stated previously, when interpreting a statute, we begin with the statutory language. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we ordinarily stop the inquiry and apply that meaning. *Id.*

■

¶ 33. Applying these principals of statutory interpretation, we conclude that the amendments to WIS. STAT. § 66.0203 (2014) apply to this case. The Town points to § 3 of Act 38, which provides that the "act first applies to an incorporation petition filed with a circuit court but that has not been granted by the incorporation review board on the effective date of this subsection." The effective date of Act 38 was July 6, 2013. *See* 2013 Wis. Act 38. On that date, the incorporation petition at issue had not yet been acted on by the incorporation review board. As we indicated, the Town

and Walt stipulated to stay these proceedings, a stay that remains in effect. Thus, under a plain language interpretation of § 3 of Act 38, the amendments created by the Act apply to this case.

¶ 34. Turning to the merits of the Town's argument that the circuit court erred by denying the Town's motion to dismiss the incorporation petition, we conclude that this issue is not ripe at this stage of the incorporation proceedings.

¶ 35. Both the Town and Walt agree that, under a plain language interpretation of Wis. Stat. § 66.0203(4m) and (9)(f) (2014), when the provisions are read together, the court's authority to determine whether the two town boards have adopted resolutions approving the incorporation is triggered only after the incorporation review board has granted the Town's petition. As we stated previously, the incorporation review board has not acted on the petition. Thus, the review board has not determined whether the petition meets the statutory requirements set forth in Wis. Stat. § 66.0207. Only after the review board has granted the petition may the court determine whether the two town boards have adopted resolutions approving the incorporation petition. To decide the issue now would be tantamount to rendering an advisory opinion and an inefficient use of judicial resources, because the issue may become moot if one of the towns does not approve of the petition, and the court dismisses the petition, which § 66.0203(9)(f) (2014) requires.

¶ 36. Walt raises an additional issue regarding the amendments in Act 38. Walt contends that the retroactive application of new requirements in Wis. Stat. § 66.0203 (2014) is unconstitutional as applied to him

558

because he has a vested property right in the incorporation proceedings and retroactive application denies him his due process rights. This is also a premature argument.[7]

¶ 37. In response to Walt's argument, we understand the Town to argue that we should not address the constitutionality of the application of WIS. STAT. § 66.0203(4m) and (9)(f) (2014) to Walt because Walt's incorporation petition has not been considered by the incorporation review board.

¶ 38. We agree with the Town that the constitutional issue Walt raises on this appeal is not properly before us at this time. As explained above, the amendments to WIS. STAT. § 66.0203 (2014) do not require the circuit court to determine whether the two towns have approved the incorporation petition until after the incorporation review board has granted the petition. Because the review board has not made a determination on Walt's petition, the new statutory provisions have not been applied to Walt and, depending on future events, may never be applied to Walt. At this stage in these proceedings, there is no constitutional issue for this court to consider.

## CONCLUSION

¶ 39. Based on the foregoing, we conclude that the circuit court erred in dismissing the Town as an

---

[7] Because we reject this argument as premature, we do not reach Walt's additional argument that the case should be remanded for circuit court consideration of the constitutional question he raises, because this court lacks subject matter jurisdiction in light of the fact that the Wisconsin Attorney General was not served with notice of a constitutional law issue. *See* WIS. STAT. § 806.04(11); *Blasius v. Board of Educ.*, 82 Wis. 2d 728, 734–35, 264 N.W.2d 561 (1978). We need not, and do not, address this issue.

intervening party to the incorporation proceedings. We also conclude that the Town has forfeited its arguments that (1) the incorporation petition fails to meet the minimum signature requirement under WIS. STAT. § 66.0203(2)(a), and (2) the petition fails to set forth facts substantially establishing the required standards for incorporation as required by § 66.0203(2)(c), because these issues were not raised in the circuit court. As for whether the circuit court erred in denying the Town's motion to dismiss the petition, we conclude that there is no language in the incorporation statutory scheme, set forth in WIS. STAT. ch. 66, that requires two towns with territory that is the subject of an incorporation petition to enter into a boundary agreement in order to meet the minimum area requirement. In addition, we conclude that the Town's argument that the amendments in WIS. STAT. § 66.0203 (2014) do not permit the incorporation of territory from two towns unless both towns approve the incorporation is not ripe in this appeal, because under our interpretation of the new Act 38 statutes, circuit courts reach the issue of whether to dismiss an incorporation petition only after the incorporation review board grants the petition for incorporation, and this case has not yet reached that stage. Regarding Walt's as-applied constitutional challenge to the retroactive application of the amendments in § 66.0203 (2014), we conclude that this issue is also not ripe at this stage of the proceedings for the same reasons that the Town's "new statutes" arguments are not ripe.

*By the Court.*—Orders affirmed in part; reversed in part and cause remanded with directions.