# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 22, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP30**

STATE OF WISCONSIN

Cir. Ct. No.  **2019SC3130**

IN COURT OF APPEALS
DISTRICT IV

JOEL WINNIG,

    PLAINTIFF-RESPONDENT,

 V.

SHERAY WALLACE,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: PETER ANDERSON, Judge. *Dismissed*.

¶1     KLOPPENBURG, J.[1]   The circuit court entered an order dismissing this small claims action brought by Joel Winnig against Sheray Wallace, "UPON

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

(continued)

AGREEMENT OF THE PARTIES" and based on a "mutually satisfactory settlement." Wallace appeals, seeking review of the court's prior non-final rulings denying Wallace's previous motions to dismiss. I conclude that this appeal is moot and that the interest of judicial economy would not be served by rendering the advisory opinion that Wallace seeks. Accordingly, this appeal is dismissed as moot.[2]

¶2      Winnig leased an apartment to Wallace from December 2009 to March 2015. In May 2019, Winnig filed a small claims complaint against Wallace seeking unpaid rent and interest. A court commissioner granted Wallace's motion to dismiss Winnig's claims against Wallace as barred by the doctrines of laches and equitable estoppel. Winnig filed a demand for a trial before the circuit court, which he titled "request for hearing de novo."[3]

¶3      Over the course of several proceedings in the circuit court, Wallace twice moved the court to dismiss the complaint. First, Wallace moved to dismiss the complaint on the basis that the court had lost competency to proceed because

---

In an order dated July 16, 2021, this court denied Wallace's motion to convert this appeal to a three-judge panel.

[2] After Wallace filed her notice of appeal, this court issued an order dated March 12, 2021, directing the parties to address, among other issues, whether the appeal is moot based on the circuit court's order of dismissal. I acknowledge Wallace's thorough briefing of the mootness issue as directed.

Winnig has failed to file a brief in this appeal, despite this court's order of June 23, 2021, in which we cautioned that this failure tacitly concedes the issues raised by Wallace. Winnig did file a four page "memorandum," which I have not considered because it does not comply with the rules of appellate procedure and was filed well after the deadline for filing the response brief had passed.

[3] Wallace does not contend that the difference in nomenclature is of any significance to the issues she raises on appeal.

2

Winnig served his demand for trial through the circuit court electronic filing system but failed to mail the demand as required by WIS. STAT. § 799.207(3)(c) ("the demand for trial must be filed with the court and mailed to the other parties within 10 days from the date of an oral decision or 15 days from the date of mailing of a written decision. Mailing of the notice and proof of such mailing is the responsibility of the party seeking review."). The court denied Wallace's motion, ruling that Winnig was not required to comply with the small claims statute requiring mailing because the electronic filing statute (WIS. STAT. § 801.18) had changed the methods of service for all civil cases where, as here, the parties were registered users of the electronic filing system.[4]

¶4 Second, Wallace moved to dismiss the complaint based on Winnig's asserted failure to have properly served Wallace with the summons and complaint. The circuit court denied Wallace's motion, ruling that, while Wallace had orally raised the defense of failure to serve at the hearing before the court commissioner, she had under WIS. STAT. § 802.06(8) waived the defense by having first submitted a written answer in which that defense was not raised.

---

[4] Wallace filed a petition in this court seeking leave to appeal the circuit court's non-final order denying her motion to dismiss, and this court denied the petition.

"'Electronic filing system' means an internet-accessible system established by the director for the purpose of filing documents with a circuit court, automatically integrating them into the court case management system, and electronically serving them on the parties." WIS. STAT. § 801.18(1)(e). A "user" means "an individual who has registered to use the electronic filing system." Sec. 801.18(1)(n). Licensed Wisconsin attorneys must register to use the electronic filing system prior to filing documents in the circuit court. Sec. 801.18(3)(a).

When a clerk of court files a document submitted by a user in a particular case, "the electronic filing system shall issue a confirmation to serve as proof of filing. When personal service is not required, the confirmation shall also serve as proof of service on the other users in the case." Sec. 801.18(4)(c).

¶5      After additional proceedings in the circuit court, on September 30, 2020, the parties filed a stipulation of dismissal and on October 1, 2020, the circuit court issued an order of dismissal based on the parties' stipulation.

¶6      Wallace appeals, seeking review of the circuit court's rulings denying her motions to dismiss.

¶7      Wallace concedes that this appeal is moot because this case "has been settled" by the stipulated dismissal of the complaint and "the controversy in this case is over."  Our supreme court has explained the doctrine of mootness thus:

> Mootness is a doctrine of judicial restraint.  An issue is moot when its resolution will have no practical effect on the underlying controversy.  Because moot issues do not affect a live controversy, this court generally declines to reach them. But we may overlook mootness if the issue falls within one of five exceptions:  (1) the issue is of great public importance; (2) the issue involves the constitutionality of a statute; (3) the issue arises often and a decision from this court is essential; (4) the issue is likely to recur and must be resolved to avoid uncertainty; or (5) the issue is likely of repetition and evades review.

*Marathon County v. D.K.*, 2020 WI 8, ¶19, 390 Wis. 2d 50, 936 N.W.2d 901 (internal quotations and citations omitted).

¶8      Wallace argues that this court should overlook mootness in this case and reach the merits of the two issues she raises:  (1) whether Winnig was required to mail his demand for trial instead of serving the demand through the electronic filing system; and (2) whether Wallace waived the defense of failure to serve the summons and complaint by raising it orally in a hearing before the court commissioner after she had filed a written answer that did not raise that defense.

¶9      Wallace argues that these two issues fall within several exceptions to the mootness doctrine in that they are of great public importance, are likely to

recur, and are likely of repetition and to evade review. However, much of Wallace's argument regarding the assertedly widespread nature of both issues refers to situations in which one of the parties is not represented or has not registered as a user of the electronic filing system. This case is not an appropriate vehicle for resolving potential legal issues that may arise in such a situation because the parties here were both represented and were registered users of the electronic filing system.

¶10   I conclude that Wallace fails to show that the "interest of judicial economy," *State ex rel. La Crosse Tribune v. Circuit Ct. for La Crosse Cnty.*, 115 Wis. 2d 220, 228, 340 N.W.2d 460 (1983), would be served by rendering the advisory opinion that she requests in this moot appeal. *See Walt v. City of Brookfield*, 2015 WI App 3, ¶35, 359 Wis. 2d 541, 859 N.W.2d 115 (An opinion on a moot issue amounts to an advisory opinion and is an "inefficient use of judicial resources.").

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.